**STATE of Minnesota, Respondent,**

v.

**Gary Lee VAN MEVEREN, Appellant.**

**No. 49650.**

Supreme Court of Minnesota.

March 21, 1980.

C. Paul Jones, Public Defender, and Mollie G. Raskind, Deputy Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen. and Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, Wayne Farnberg, County Atty., Redwood Falls, for respondent.

PER CURIAM.

Defendant was tried in district court on charges of burglary, Minn.Stat. § 609.58, subd. 2(1)(b) (1978) (assault upon a person present within a dwelling where actor has remained without consent and with intent to commit a crime), assault, Minn.Stat. § 609.22 (1978) (simple assault), and criminal sexual conduct in the first degree, Minn. Stat. § 609.342(c) (1978) (nonconsensual sexual penetration accomplished because of complainant's reasonable fear of imminent great bodily harm). The jury, after deliberating 9 hours, found defendant guilty of the first two charges but was unable to reach a unanimous verdict on the third count. The trial court terminated the deliberations and declared a mistrial as to the third count. The trial court sentenced defendant to a limited maximum term of 10 (instead of 20) years for the burglary; the trial court did not sentence defendant for the assault. On this appeal from judgment of conviction defendant challenges the legal sufficiency of the evidence supporting his convictions and contends alternatively that the interests of justice require reversal of his burglary conviction. We affirm.

The evidence adduced at trial by the state showed that defendant, who had formerly been a neighbor of the complainant, went to the complainant's house at night when her husband was working out of town and, claiming he needed to use the bathroom, gained entrance to the house. Immediately after gaining entrance, defendant began the assaultive conduct. Defendant's contention that the evidence was legally insufficient to support the guilty verdicts is meritless. His main contention is not that the evidence was insufficient but that the conviction for burglary is unjust under the facts of this case in that what basically was assaultive conduct has, by creative charging, been converted into a burglary. Minn.Stat. § 609.585 (1978) specifically provides that, notwithstanding Minn. Stat. § 609.035 (1978)—which generally prohibits multiple punishment or prosecution of a defendant for multiple offenses occurring in a single course of conduct—a defendant may be convicted of both burglary and any other crime committed on entering or while in the building entered. While recognizing this, defendant contends that an exception to § 609.585 must be made in certain burglary prosecutions based on remaining within a building with wrongful intent and without consent where to do otherwise would result in unfair exaggeration of the criminality of the defendant's conduct. Defendant, while contending that he did not have any wrongful intent when he entered the house and that he simply

committed an assault while in the house, admits that a person properly can be convicted of both burglary and assault, for example, "where a person by means of a subterfuge gains entrance into a building with consent, or where a person intentionally remains after business hours in a building which he has legally entered with intent to commit a crime therein." Here the state's evidence was such that the only reasonable inference that could be drawn from it was that defendant did have an assaultive intent before he sought permission to enter the house and that his request to use the bathroom was just a ruse. Though the result does seem to unfairly exaggerate the criminality of defendant's conduct, his conviction for burglary was proper under Minn. Stat. § 609.585 (1978).

Affirmed.