**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**William L. CARTER, Defendant–Appellant.**

**No. 94CA0438.**

Colorado Court of Appeals, Div. II.

Feb. 29, 1996.

As Modified on Denial of Rehearing April 11, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John J. Krause, Assistant Attorney General, Denver, for Plaintiff–Appellee.

John J. Mitchel, Montrose, for Defendant–Appellant

Opinion by Chief Judge STERNBERG.

Defendant, William L. Carter, appeals a judgment of conviction entered on a jury verdict finding him guilty of multiple sex crimes involving his two young daughters. His principal contention of error relates to the showing of videotaped interviews of the children to the jury. We reverse and remand for a new trial.

When they were four and five years old, the defendant's daughters told their foster

mother that they had been subjected to sexual contact by their father on several occasions two or three years earlier. This information was reported to employees of the Department of Social Services, who contacted the police.

In the course of an investigation that followed, a social services caseworker and a deputy sheriff interviewed the children and recorded some of their interviews on videotape. The girls entered into counselling. Later, at the urging of the sheriff's department, their therapist interviewed them on videotape as well. Neither defendant nor his attorney was present during any of the videotaped interviews.

With regard to other hearsay statements of the children, the district attorney filed a "Notice of Intent to Introduce Hearsay Statements Pursuant to Section 13–25–129" concerning anticipated testimony of the girls' foster mother, therapist, and the sheriff's deputy. Section 13–25–129, C.R.S. (1987 Repl.Vol. 6A) provides a hearsay exception pertaining to statements of child victims of sexual offenses. The statute requires a hearing to address the availability of the child as a witness and to determine whether there is any corroborating evidence of the allegations.

Approximately one year prior to the trial, defendant's attorney entered into a stipulation with the prosecutor which stated that defendant waived a hearing to determine the admissibility of the hearsay statements identified in the Notice. Defendant acknowledged in the stipulation that sufficient evidence existed to satisfy the § 13–25–129 requirements, and therefore, he waived his right to the hearing. The stipulation referred to the hearsay testimony by the therapist, foster mother, and deputy sheriff about the children's statements that were made to them, but it did not refer to the actual videotaped interviews.

The videotape contains some damaging statements by both girls regarding sexual contact by their father. Arguably, the tape also evidences instances in which the therapist used leading questions to elicit the statements. The videotape was admitted as an exhibit and, with the judge not present, was viewed by the jury. After the viewing, the court indicated that the tape would be available to the jury during deliberations. No objection was made to admission of the videotaped statements, to playing the tape to the jury, to the absence of the judge, or to the court's statement that the tape would be available to the jury during its deliberations.

Defendant was convicted of two counts each of sexual assault on a child when in a position of trust, aggravated incest, and sexual assault on a child with a pattern of abuse and was sentenced to two consecutive sixteen-year terms. This appeal followed.

I.

■ Defendant argues that the trial court committed plain error when it admitted the videotaped statements. We agree.

A.

In *People v. Newbrough*, 803 P.2d 155 (Colo.1990), the supreme court dealt with the admissibility of a videotaped interview of the child victim, as distinguished from a videotaped deposition taken pursuant to § 18–3–413, C.R.S. (1986 Repl.Vol. 8B). There, the trial court had admitted the taped interview into evidence under the general child hearsay provision, § 13–25–129, C.R.S. (1987 Repl. Vol. 6A). The supreme court, however, held that child victim videotapes may be admitted only if they are videotaped depositions made in compliance with § 18–3–413.

Here, the videotape did not meet the requirements of § 18–3–413. Thus, the *Newbrough* precedent mandates the holding that it was error for the trial court to receive into evidence the videotaped interview of the children.

■ Other precedent also demonstrates, as defendant contends, that the trial judge erred in absenting himself from the courtroom while the tape was being played, *see People v. Garcia*, 826 P.2d 1259 (Colo.1992), and in making the tape available for viewing during jury deliberations. *See People v. Montoya*, 773 P.2d 623 (Colo.App.1989).

## B.

Because defendant did not object to the receipt of the videotape into evidence, the question becomes whether the error requires reversal as being plain error.

In *People v. Newbrough, supra,* 803 P.2d at 161, the supreme court pointed out that a videotaped interview is "undoubtedly more powerful, and thus potentially more prejudicial" than testimony of a witness about what the child said. Because of that potential for prejudice, the supreme court declined to hold the error in admitting the evidence to be harmless.

Based upon the *Newbrough* precedent, we conclude that plain error occurred in admitting the videotape. Therefore, the judgment of conviction cannot stand.

We do not reach the question whether the absence of the judge from the courtroom while the tape was played for the jury was error requiring reversal. Also, inasmuch as the record is unclear whether the jury actually viewed the tape during its deliberations, we do not address the effect of the tape being made available for viewing by the jury.

On retrial, the videotaped interview must be excluded; however, as is the case with all perceivers of hearsay declarations, the persons present may testify as to statements made during the interviews if the court finds the hearsay statements to be admissible under § 13-25-129.

## C.

The People seek to evade the implications of the *Newbrough* holding by asserting that § 18-3-413(5), C.R.S. (1995 Cum.Supp.) applies to this case. Section 18-3-413(5), in effect, legislatively overrules *Newbrough* in that it provides that § 18-3-413 does not prevent admission of a videotaped statement of an interview which qualifies for admission under § 13-25-129. However, the effective date of § 18-3-413(5) was June 6, 1991. By its own terms, the amendment was applicable to offenses committed on or after that date. The offenses charged here took place between June 1, 1989, and April 10, 1990. *See* Colo.Sess.Laws 1991, ch. 73, § 18-3-413 at 406. Thus, as the People conceded at oral argument, the amendment has no application in this case and cannot validate the admission of the videotaped statement.

## D.

■ We are also unpersuaded by the People's contention that the error of receiving into evidence the videotaped interview should not be grounds for reversal because it was "invited error."

■ The invited error doctrine provides that a defendant may not complain on appeal of an error that he has invited or injected into the case; a defendant must abide by the consequences of his acts. *People v. Zapata,* 779 P.2d 1307 (Colo.1989).

The People argue that defendant actually wanted the jury to see the videotaped interviews of the children so he could discredit the testimony by pointing to allegedly suggestive interview techniques used by the therapist and by offering expert testimony critical of those techniques. In effect, the People ask that we infer from the record that the defendant gambled that the cross-examination of the therapist and the discrediting testimony of defendant's expert would be more powerful than the impact of the girls' statements on the videotape; defendant having failed in this tactic, the People argue that he should be precluded from raising this contention of error.

It is true, as the People point out, that defense counsel told the jury in his opening statement the girls were responding to leading and biased questions during the interview and that the members of the jury would have the opportunity to view the tape themselves. He told the jury that it would hear an expert witness testify that the taped interviews were suggestive. He also agreed to the timing of playing of the videotape. However, in our view it is too great a leap to infer from these actions that defendant's counsel wanted the jury to see and hear the videotape. These actions support, at least as strongly, the inference that defendant's counsel, being unaware that the videotape was inadmissible under the *Newbrough* precedent, was at-

tempting to alleviate in advance the effect of this damaging evidence.

### E.

Finally, inasmuch as the tape will not be admissible on retrial, the question whether failure to object to the videotape constituted constitutionally ineffective assistance of counsel is no longer germane.

### II.

As to defendant's other contentions of error that may arise on retrial, we reject his assertion that the prosecution should not have been allowed to present testimony based on clinical observations of a professional as to the patterns, effects, and dynamics of child sexual abuse to establish that a child was sexually abused.

While the behavioral changes in children that frequently are associated with sexual abuse are not conclusive on the issue of whether sexual abuse occurred, these behavioral changes may constitute corroborative evidence of the existence of the sexual abuse of which the victims have complained. *Stevens v. People,* 796 P.2d 946 (Colo.1990). Thus, evidence of this type is admissible even if it may tend to support the credibility of a child victim's out-of-court statements or in-trial testimony concerning a sexual crime, as long as it is not offered as evidence that a victim was truthful on a particular occasion. *People v. Gaffney,* 769 P.2d 1081 (Colo.1989).

We decline to adopt the out-of-state authorities cited by defendant to create a prohibition against the consideration of behavioral science evidence in child sexual abuse cases. Such evidence may be admitted if it comports with the considerations set forth in *People v. Gaffney, supra,* and *Stevens v. People, supra.*

It is unnecessary to address defendant's contention regarding the stipulation as to admissibility of out-of-court hearsay statements of the children, as that issue is unlikely to arise on retrial. Even if a similar stipulation is agreed to, the trial court should analyze any such statements under § 13–25–129, C.R.S. (1987 Repl.Vol. 6A).

The judgment is reversed and the cause is remanded for a new trial.

CRISWELL and CASEBOLT, JJ., concur.