**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Randy L. BURKE, Defendant–Appellant.**

**No. 94CA1856.**

Colorado Court of Appeals,
Div. III.

Nov. 7, 1996.

Rehearing Denied Dec. 27, 1996.

Certiorari Denied June 2, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Clement P. Engle, Senior Assistant Attorney General, Denver, for Plaintiff–Appellee.

Donald R. Knight, Littleton, for Defendant–Appellant.

Opinion by Judge JONES.

Defendant, Randy Burke, appeals a judgment of conviction entered on a jury verdict finding him guilty of first degree murder,

attempted first degree murder, first degree assault, and first degree burglary. We affirm.

On July 15, 1993, defendant arrived at the home of his estranged wife, ostensibly to pick up his watch and the title to a car. After feigning use of the bathroom, defendant suddenly pointed a gun at his wife and tried to shoot her, but the gun did not fire. Defendant then foiled his wife's attempt to use the phone to call 911.

As the wife called out to her sister, who was in the basement, to call the police, defendant shot her twice, one bullet striking her spine and paralyzing her. He then fatally wounded the sister.

Defendant subsequently surrendered without incident to police to whom he admitted the shootings.

Defendant's first jury trial, in April 1994, ended in a mistrial after two days. The second jury trial commenced on July 5, 1994, and, on July 21, 1994, the jury entered guilty verdicts against the defendant on first degree murder, attempted first degree murder, first degree burglary, and first degree assault. The first degree burglary conviction was merged into the murder count for sentencing purposes. This appeal followed.

## I.

■ Defendant contends that the trial court erred in overruling his challenge of the prosecutor's discriminatory exercise of a peremptory challenge. We find no error.

In *Cerrone v. People*, 900 P.2d 45 (Colo. 1995), Colorado adopted the standard set forth in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) to determine when a peremptory challenge constitutes purposeful discrimination on account of race during the jury selection process. The *Batson* standard involves a three part analysis of whether discrimination has played a part in jury selection.

■ First, the defendant must make a prima facie showing that purposeful discrimination on account of race occurred during the jury selection process. Secondly, if a prima facie showing is made, the burden shifts to the prosecution to articulate a neutral explanation for its behavior. Thirdly, once the prosecution articulates a neutral explanation for its jury selection, the trial court must weigh the evidence to determine whether the defendant has proved the peremptory challenge is based on purposeful racial discrimination. *Cerrone v. People, supra.*

■ If a prima facie showing by defendant has been made, the court must make all the findings necessary under the *Batson* analysis. The appropriate remedy for failure to make such findings is to remand for further proceedings. *People v. Mendoza*, 876 P.2d 98 (Colo.1994).

■ The threshold requirement under *Batson*, then, is that defendant must first establish a prima facie case. To do so, the defendant must show that the prosecution exercised its peremptory challenges to remove someone belonging to a cognizable racial group from the jury, and that the selection process provided the opportunity for discrimination. It is not necessary that defendant be a member of the same racial group as that of the person allegedly wrongfully removed from the jury. *People v. Mendoza, supra.*

■ A cognizable racial group is a group that is defined on the basis of race, such as African–Americans, Mexican–Americans, and Spanish-surnamed jurors. *Fields v. People*, 732 P.2d 1145 (Colo.1987).

■ It is sufficient for a prima facie showing that the peremptory challenge be used to strike the only venire member of a cognizable racial group; a pattern of systematic exclusion is unnecessary for a prima facie showing. *People v. Baker*, 924 P.2d 1186 (Colo.App.1996).

■ If a prima facie case is not established by the party alleging discrimination, the court need not proceed any further with the *Batson* analysis. *Cerrone v. People, supra.* Thus, failure to follow the three-step analysis of *Batson* is not reversible error if the court has properly determined that defendant did not establish the initially required prima facie showing. *People v. Saiz*, 923 P.2d 197 (Colo.App.1995).

Here, defendant is an African–American, and as such is a member of a cognizable group. The record does not reflect, however, that the jury member in question was a member of a cognizable group. The juror himself provided no information as to his racial ethnic identity, except to say that his mother was of German background, and that he was a product of an interracial marriage.

However, because the trial court had the opportunity to see and hear the panel member in question and, apparently, determined he was a member of a cognizable group for purposes of the *Batson* analysis, *see Fields v. People, supra,* we presume that the panel member is a member of a cognizable group, and that defendant could, appropriately, raise a *Batson* objection to the prosecutor's peremptory challenge.

The trial court concluded generally that, because there was no showing of a systematic exclusion of jurors based on race, and no race-based rationale employed as to the person in question, defendant had not made a prima facie showing. *See People v. Saiz, supra.* The record supports its conclusion.

Thus, the trial court did not err in overruling the defendant's *Batson* challenge to the prosecution's peremptory challenge.

## II.

■ Defendant also contends that the trial court erred in denying his motion for mistrial after the jury was allowed to witness his open-court altercation and because the jury was not polled concerning this incident. We perceive no reversible error.

A mistrial is a drastic remedy and is warranted only when the prejudice to the accused is so substantial that its effect on the jury cannot be remedied by other means. The granting of a motion for mistrial is within the discretion of the trial court, and will not be disturbed on review, absent an abuse of discretion. *People v. Collins,* 730 P.2d 293 (Colo.1986); *People v. Salazar,* 920 P.2d 893 (Colo.App.1996).

During the testimony of his paralyzed ex-wife, defendant interrupted her testimony and, disregarding the court's admonition to come to order, began to curse and violently to fight the peace officers whom the court had instructed to remove him from the courtroom. All of this occurred in the presence of the jury after the judge had exited the courtroom himself.

Later, defendant moved for a mistrial based on the jury having witnessed the incident. The court denied the motion. In open court, the court instructed the jurors to disregard the incident but refused defendant's request to poll them as to the impact of the incident on them.

When a defendant has invited or injected error into the case, he may not complain of error on appeal, for he is expected to abide the consequences of his acts. *People v. Zapata,* 779 P.2d 1307 (Colo.1989); *People v. Carter,* 919 P.2d 862 (Colo.App.1996). Thus, a defendant may not by his own conduct force a declaration of mistrial. *People v. Rubanowitz,* 688 P.2d 231 (Colo.1984).

In *People v. Rogers,* 187 Colo. 128, 528 P.2d 1309 (1974), the court held that defendant was not entitled to a mistrial, after he had engaged in a courtroom outburst resulting in his being handcuffed during the remainder of the trial. And, such was true even though the trial court gave no instruction to the jury to disregard the outburst.

Here, in light of the above holdings, we conclude that the trial court acted within its discretion in not granting defendant's request for a mistrial based on defendant's courtroom misconduct.

■ It was also within the court's discretion to order that defendant be handcuffed and his feet shackled during the remainder of the trial, and this restraint of defendant did not constitute reversible error. The trial court has the duty to conduct the proceedings in an orderly manner, and the concomitant power to control what occurs in the courtroom. *See Jones v. District Court,* 780 P.2d 526 (Colo.1989).

■ We reject defendant's argument that the trial court's instruction to the jury to disregard the incident was inadequate and that the jurors also should have been polled concerning the incident. Because defendant caused the incident before the jury a jury

poll would not matter here. Thus, the trial court did not abuse its discretion in not polling the jury. *See People v. Horton,* 683 P.2d 358 (Colo.App.1984).

## III.

Defendant next contends that the trial court erred in its instruction setting forth the elements of first degree burglary. We disagree.

The first degree burglary count constituted the underlying charge for the felony murder count. In setting forth the elements of first degree burglary, the trial court provided an additional definition to the otherwise general pattern jury instruction on those elements. *See* § 18–4–201(3), C.R.S. (1996 Repl.Vol. 8B); *COLJI–Crim.* No. 14(2)(1983). The additional definition stated: "To 'unlawfully enter or remain' includes gaining entry to or remaining upon the premises by way of ruse, trickery, or deception." We find no error.

A defendant is entitled to a properly instructed jury. *People v. Hill,* 182 Colo. 253, 512 P.2d 257 (1973). Jury instructions framed in the language of statutes are adequate and proper. *People v. Dago,* 179 Colo. 1, 497 P.2d 1261 (Colo.1972); *People v. Brandyberry,* 812 P.2d 674 (Colo.App.1991).

■ Whether additional written jury instructions may be given which properly state the law and fairly and adequately cover the issues presented is a matter committed to the sound discretion of the trial court. *People v. Davis,* 935 P.2d 79 (Colo.App.1996).

■ The resolution of issues committed to the discretion of the trial court will not constitute reversible error absent manifest prejudice or a clear showing of abuse of discretion. *People v. Baca,* 852 P.2d 1302 (Colo.App.1992).

Colorado courts have consistently upheld the giving of supplemental instructions to the jury even when unnecessary if those instructions properly state the law.

In *People v. Nichols,* 920 P.2d 901 (Colo.App.1996), the court concluded that the trial court did not err by answering the jury's query about the definition of unlawful entry in a burglary trial. The court responded with an additional definition and because the instruction was a correct statement of the law, it was held not to be an abuse of discretion to give such supplemental instruction. *See People v. Davis, supra; People v. Benton,* 829 P.2d 451 (Colo.App.1991).

Defendant argues that the supplemental definition of the "unlawfully enters or remains" element was an incorrect statement of the law. We reject defendant's argument.

■ The element of "unlawfully enters or remains," in fact, includes gaining entry to or remaining upon premises by way of ruse, trickery, or deception. *See People v. Ridenour,* 878 P.2d 23 (Colo.App.1994)(use of a pretense to gain entrance to manager's office of theater suffices to show defendant unlawfully entered premises, resulting in aggravated robbery conviction). *See also LeMasters v. People,* 678 P.2d 538 (Colo.1984)(unlawful entry established by the evidence that defendant falsely represented that he needed to use the phone because of medical emergency); *People v. McCormick,* 181 Colo. 162, 508 P.2d 1270 (1973)(in first degree burglary and forcible rape case, defendant used ruse of making a telephone call to gain entry, held: evidence sufficient to support conviction); *People v. Ager,* 928 P.2d 784 (Colo.App. 1996)(in prosecution for felony murder/burglary, evidence of "unlawfully enters or remains" held sufficient where defendant knocked on door and immediately assaulted victim).

Case law in other jurisdictions similarly supports the supplemental instruction. Gaining entry to a house by making a false statement as to the need to enter the house constitutes sufficient evidence of an unlawful entry for a burglary conviction in many jurisdictions. *See State v. Van Meveren,* 290 N.W.2d 631 (Minn.1980); *State v. Maxwell,* 234 Kan. 393, 672 P.2d 590 (1983); *People v. Hutchinson,* 124 Misc.2d 487, 477 N.Y.S.2d 965 (1984), *aff'd,* 121 App.Div.2d 849, 503 N.Y.S.2d 702 (1986); *Commonwealth v. Hayes,* 314 Pa.Super. 112, 460 A.2d 791 (1983). *See also Le Mott's Case,* 84 Eng. Rep. 1073 (1650)(defendants tricked the maid

into believing they were there to see householder, then entering under false pretenses and robbing house, were adjudged guilty of burglary and hanged).

Here, the supplemental instruction properly stated the law and was within the trial court's discretion to give. Thus, the trial court did not err in giving the instruction.

### IV.

Because the jury was properly instructed as to the burglary charge which has been affirmed and has been merged into the first degree felony murder conviction for sentencing purposes, we need not consider defendant's additional challenge to his conviction of first degree murder after deliberation. A proper conviction need only be shown as to one first degree murder count.

The judgments of conviction are affirmed.

ROTHENBERG and BRIGGS, JJ., concur.