The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Charles HOLWUTTLE, Defendant–Appellant.

No. 03CA1163.

Colorado Court of Appeals, Div. III.

Aug. 10, 2006.

Certiorari Denied March 26, 2007.

John W. Suthers, Attorney General, Paul Koehler, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Andrea R. Manning, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CRISWELL.*

Defendant, Charles Holwuttle, appeals the judgments of conviction and the sentences

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.

imposed for unlawful sexual contact with force and unlawful sexual contact. The trial court imposed concurrent sentences of five years to life in the custody of the Department of Corrections (DOC) on the unlawful sexual contact with force count and twelve months in jail on the unlawful sexual contact count. A division of this court granted defendant's motion for a limited remand to litigate his post-trial Crim. P. 35(b) motion. After a hearing, the trial court vacated defendant's sentence of five years to life on the unlawful sexual contact with force count and resentenced him to a term of four years to life, plus ten years to life of mandatory parole. We affirm.

## I.

Defendant contends that § 18–3–404, C.R.S.2005, is unconstitutionally vague and violates equal protection. We decline to reach these constitutional arguments because they were not raised in the trial court. *See People v. Cagle*, 751 P.2d 614 (Colo.1988) (it is axiomatic that an appellate court will not consider constitutional issues not raised in the trial court).

## II.

Defendant next contends that the trial court's jury instructions defining "physical force," "physical violence," and "consent" permitted the jury to find that he was guilty of unlawful sexual contact with force even though the force he applied to the victim's body was just or warranted. We disagree.

■ A trial court must properly instruct the jury on every element of a crime to preserve a defendant's constitutional rights to a jury trial and to comply with the requirement that the prosecution prove each element of an offense beyond a reasonable doubt. *Griego v. People*, 19 P.3d 1 (Colo. 2001). However, "[i]n determining the propriety of any one instruction, the instructions must be considered as a whole, and if they properly instruct the jury as a whole, there is no error." *People v. Merklin*, 80 P.3d 921, 926 (Colo.App.2003).

A person commits unlawful sexual contact under § 18–3–404(1)(a), C.R.S.2005, if he "knowingly subjects a victim to any sexual contact" and he "knows that the victim does not consent." Under § 18–3–404(2)(b), C.R.S.2005, unlawful sexual contact is a class 4 felony "if the actor compels the victim to submit by use of such force, intimidation, or threat as specified in section 18–3–402(4)(a)." Section 18–3–402(4)(a), C.R.S.2005, establishes "the actual application of physical force or physical violence" as the standard.

Here, the jury was instructed that the prosecution must prove beyond a reasonable doubt that (1) defendant, (2) in the State of Colorado, at or about the date and place charged, (3) knowingly (4) subjected the victim to any sexual contact (5) with knowledge that the victim did not consent. The verdict form further instructed the jury that, if it found defendant guilty of unlawful sexual contact, it must then determine whether the evidence established beyond a reasonable doubt that defendant caused the submission of the victim through the actual application of physical force or physical violence.

These instructions mirror the language of §§ 18–3–404 and 18–3–402(4)(a), and are, thus, adequate and proper. *See People v. Burke*, 937 P.2d 886 (Colo.App.1996).

Defendant nevertheless argues that the trial court's additional instructions defining "physical force," "physical violence," and "consent" were in error. We are not persuaded.

■ The court defined "physical force" as "force applied to the body" and "physical violence" as "the unjust or unwarranted exercise of physical force." Defendant objected to these instructions, but the court overruled the objection after the prosecution erroneously stated that the definitions came from the statute. The definitions came, in fact, from the 1968 edition of *Black's Law Dictionary*.

■ Although it is not error for a trial court to fail to provide the jury with a definition of the term "force" as used in the sexual assault statute, *People v. Powell*, 716 P.2d 1096 (Colo.1986); *People v. Johnson*, 671 P.2d 1017 (Colo.App.1983), Colorado courts have consistently upheld the giving of supple-

mental instructions to the jury, even when unnecessary, if those instructions properly state the law. *People v. Burke, supra.*

■ "Physical force" and "physical violence" are not defined in §§ 18–3–402 or 18–3–404, in any other provision in the criminal code, or in any pattern jury instruction. It was, therefore, not error to turn to *Black's Law Dictionary* to glean the most widely accepted legal meaning of these terms. *Cf. Cokley v. People,* 168 Colo. 280, 450 P.2d 1013 (1969) (because of lack of statutory guide, court formulated jury instruction based on quotation from *Black's* ); *Bontrager v. La Plata Elec. Ass'n,* 68 P.3d 555 (Colo.App.2003) (use of dictionary appropriate to interpret undefined statutory terms); *City of Arvada v. Colo. Intergovernmental Risk Sharing Agency,* 988 P.2d 184, 187 (Colo.App.1999) ("[I]t is not inappropriate to look to *Black's* where, as here, the phrase in question relates to a cause of action or other legal concept."), *aff'd,* 19 P.3d 10 (Colo.2001).

It is true that the definitions at issue came from an outdated edition of *Black's,* and that the most recent edition of *Black's Law Dictionary* (8th ed. West 2004) has deleted its definition of "physical violence," although it continues to define "violence" in essentially the same manner as before. Further, other courts have concluded that those definitions of "physical force" and "violence" are accurate. *E.g., United States v. De La Fuente,* 353 F.3d 766 (9th Cir.2003) ("physical force"); *United States v. Lyckman,* 235 F.3d 234 (5th Cir.2000)("violence"). We likewise conclude that the definitions given were not inaccurate.

The trial court also provided the jury with the following definition of "consent":

> "Consent" means cooperation in act or attitude pursuant to an exercise of free will and with knowledge of the nature of the act. A current or previous relationship shall not be sufficient to constitute consent. Submission under the influence of fear shall not constitute consent. Assent does not constitute consent if it is induced by force, duress, or deception.

■ This instruction quoted the language of § 18–3–401(1.5), C.R.S.2005, and the last

sentence included language from § 18–1–505(3)(d), C.R.S.2005. Defendant argues that the trial court should not have given the definition contained in § 18–1–505(3)(d). However, this statute is a part of the criminal code that establishes definitions for "criminal culpability" generally, and § 18–1–103(1), C.R.S.2005, mandates that "the provisions of this code govern the construction of and punishment for *any offense defined in any statute of this state, whether in this title or elsewhere* " (emphasis added). Thus, the trial court's inclusion of the language contained in § 181505(3)(d) was not error. Because the definition of "consent" mirrored the language of §§ 18–3–401(1.5) and 18–1–505(3)(d), it was adequate and proper. *See People v. Burke, supra.*

■ Further, the court's instructions, when read together as a whole, did not permit the jury to convict defendant of unlawful sexual contact with force if the force he applied to the victim was just or warranted. No reasonable person could read the instructions as a whole as allowing a conviction for unlawful sexual contact with force if, as defendant contends, he had simply touched the victim's arm. The application of physical force or physical violence had to cause the victim to submit to the sexual contact against her free will.

We conclude that these instructions properly stated the law and were within the trial court's discretion to give. *See People v. Burke, supra.* We also conclude that the jury instructions, taken as a whole, properly instructed the jury on the elements of unlawful sexual contact with force and on the requirement that each element thereof had to be proved beyond a reasonable doubt. *See People v. Merklin, supra.*

### III.

Defendant further argues that his present sentence, imposed as a result of his postconviction motion, must be vacated because, in violation of Crim. P. 25, it was not imposed by the same judge who had presided over his trial and who had imposed the original sentence. We disagree.

In *People v. Little,* 813 P.2d 816 (Colo.App. 1991), a division of this court determined that, if a judge other than the judge who presided over a defendant's trial is to sentence him, reasons for the substitution of judges must appear in the record.

In contrast, it has been held that Crim. P. 25 does not apply to post-trial proceedings, such as hearings on Crim. P. 35 motions, *People v. Banuelos–Landa,* 109 P.3d 1039 (Colo.App.2004), or probation revocation proceedings, *People v. Rivera–Bottzeck,* 119 P.3d 546 (Colo.App.2004). Likewise, the rule does not apply to sentencing after a guilty plea, when there has been no preceding trial. *People v. Koehler,* 30 P.3d 694 (Colo.App. 2000).

■ We conclude, therefore, that like the other post-trial proceedings to which it has not been applied, Crim. P. 25's requirement that the same judge impose the sentence after a trial, except for justifiable reasons to substitute another judge, does not apply to resentencing proceedings. *See People v. Rivera–Bottzeck, supra.*

### IV.

Last, defendant contends that the trial court erred in determining that he was not eligible for probation for the unlawful sexual contact with force offense. We are not persuaded.

When defendant committed his crime, the applicable version of § 18–3–404(3) provided: "If a defendant is convicted of the class 4 felony of unlawful sexual conduct pursuant to subsection (1.5) or (2) of this section, the court *shall* sentence the defendant in accordance with the provisions of section 16–11–309, C.R.S." Colo. Sess. Laws 2000, ch. 171 at 701 (emphasis added); *cf.* § 18–3–404(3), C.R.S.2005 (substantially similar).

Section 16–11–309(1)(c) (now codified at § 18–1.3–406(1)(b), C.R.S.2005), provided that any person convicted of a crime of violence was to be sentenced to a term of incarceration of at least the midpoint in the presumptive range, up to a maximum of the person's natural life.

■ Our primary task in construing the applicable versions of §§ 18–3–404(3) and 16–11–309(1)(a) is to ascertain and give effect to the intent of the General Assembly. A construction that defeats the obvious legislative intent should be avoided. *People v. Winters,* 765 P.2d 1010 (Colo.1988). To ascertain legislative intent, we give words and phrases their plain and ordinary meaning. *People v. Dist. Court,* 713 P.2d 918 (Colo.1986).

Incarceration means "imprisonment, confinement in a jail or penitentiary." *People v. Winters, supra,* 765 P.2d at 1012 (quoting *Black's Law Dictionary* 685 (5th ed.1979)). The term "shall" means that such a sentence is mandatory. *See Pearson v. Dist. Court,* 924 P.2d 512, 516 (Colo.1996) (the generally accepted and familiar meaning of "shall" indicates that this term is mandatory).

The statute defining the offense specifically requires sentencing under the crime of violence statute. *People v. Banks,* 9 P.3d 1125 (Colo.2000); *see also People v. Terry,* 791 P.2d 374, 377 n. 3 (Colo.1990) (in 1986, General Assembly amended § 18–3–404 to require sentencing under the crime of violence statute).

■ Here, giving effect to the plain and ordinary meaning of the words and phrases contained in the relevant statutes, we discern that the General Assembly determined that persons who committed unlawful sexual contact with force, a class four felony, must be sentenced in accordance with the former § 16–11–309. Under that statute, the trial court was required to sentence defendant to a minimum of the midpoint in the presumptive range and to a maximum of his natural life. The presumptive range for a class four felony is two to six years. Section 18–1.3–401(1)(a)(V)(A), C.R.S.2005 (formerly codified at § 18–1–105(1)(a)(V)(A)). Thus, the trial court properly sentenced defendant to four years to life in the custody of the DOC.

■ We also reject defendant's argument that this sentencing scheme violates equal protection. Specifically, defendant contends that, if he had been convicted of the greater offense of sexual assault under § 18–3–402, he would have been eligible for probation, because § 18–3–402, unlike § 18–3–404, does

not mandate sentencing under the crime of violence statute.

When two criminal statutes prescribe different penalties for identical conduct, a defendant convicted and sentenced under the harsher statute is denied equal protection of the laws. If, however, there are differences in the type of conduct proscribed by the respective statutes, equal protection is not offended. *People v. Pena,* 962 P.2d 285 (Colo.App.1997); *cf. People v. Campbell,* 58 P.3d 1080 (Colo.App.2002) (classification of possession of controlled substance as class four felony, when unlawful use of controlled substance was classified as class five felony with shorter sentence, did not violate constitutional right to equal protection; classification was based on real difference in that possession did not necessarily involve use, and, as long as defendant had it in his possession, he had capability to distribute or dispense it, and thereby posed greater danger to society), *aff'd,* 73 P.3d 11 (Colo. 2003).

The fact that criminal conduct may violate more than one statutory provision does not render the legislation unconstitutional. Equal protection is implicated only when two statutes that impose different criminal sanctions proscribe the same conduct. *People v. Rickstrew,* 775 P.2d 570 (Colo.1989).

Thus, because the offenses defined by the two statutes here have different elements and do not address exactly the same conduct, defendant's constitutional challenge must be rejected.

The judgment and sentence are affirmed.

Judge TAUBMAN and Judge FURMAN concur.