STATE OF HAWAI'I, Plantiff-Appellee,
v.
JON A. CARAVALHO, Defendant-Appellant
No. 28628.
Intermediate Court of Appeals of Hawaii.
July 30, 2009.
On the briefs:
Hayley Y.C. Cheng, Deputy Public Defender, for Defendant-Appellant.
Stephen K. Tsushima, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, FUJISE and LEONARD, JJ.
Defendant-Appellant Jon Alexander Caravalho (Caravalho), also known as Jon A. Caravalho, appeals the Judgment, filed on June 1, 2007,[1] in the Circuit Court of the First Circuit (circuit court).[2]
Caravalho was convicted of two counts of Robbery in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 708-841(1)(a) (1993).
On appeal, Caravalho contends (1) the circuit court should not have provided a definition of "force" to the jury after deliberations began, (2) the definition of "force" provided to the jury was inaccurate, misleading, and prejudicial, and (3) there was insufficient evidence to convict him of two counts of Robbery in the Second Degree.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Caravalho's points of error as follows:
(1) "[I]t is within the sound discretion of the trial court to determine the appropriateness of granting a request to define words of common understanding." State v. Cross, 156 Wash. 2d 580, 617, 132 P.3d 80, 97 (2006). "[W]hether the words used in an instruction require further definition is a matter of judgment to be exercised by the trial court." State v. O'Donnell, 142 Wash. App. 314, 325, 174 P.3d 12C5, 1211 (2007). "A trial court has broad discretion in submitting proper definitions and explanatory phrases to the jury." Deener v. State, 214 S.W.3d 522, 529 (Tex. App. 2006) . "In instructing a jury it is proper for a trial court to explain and define terms which might otherwise lead to confusion." People v. Frye, 7 Cal. App. 4th 1148, 1159-60, 10 Cal. Rptr. 2d 217, 224 (1992). Giving supplemental instructions to the jury, even when unnecessary, will be upheld if the instructions properly state the law. People v. Holwutte, 155 P.3d 447, 449-50 (Colo. Ct. App. 2006).
The word "force," is not statutorily defined in HRS Chapter 708. Thus, the jury should have applied the plain meaning of "force." However, unlike the situation in State v. Haili, 103 Hawai'i 89, 79 P.3d 1263 (2003), where the court presumed that the jury applied the plain meaning of a word, the jury in this case requested the definition of "force," indicating that it was confused about the plain meaning of the word. It was within the circuit court's discretion to grant the jury's request to define the word "force," as long as the definition was a proper statement of the law.
(2) In responding to Communication No. 1 from the jury, the circuit court stated "'Force' means physical violence, physical compulsion, or physical constraint exerted upon or against a person." This is a correct statement of the law because it is based on the common understanding of the word. People v. Davis, 935 P.2d 79, 84 (Colo. Ct. App. 1996) ("`Force' has generally been defined as `power, violence, compulsion, or constraint exerted upon or against a person or thing.'") (quoting People v. Schoondermark, 699 P.2d 411, 416 (Colo. 1985)).
We fail to see how Caravalho was prejudiced when the circuit court provided a correct statement of the law to the jury.
(3) Contrary to Caravalho was claim, there was substantial evidence to support his convictions for Robbery in the Second Degree. Maki Naritsugi (Maki) stated that she felt pulling on Tier pouch when Caravalho first tried to take her pouch. Maki testified that she and her mother Chiemi Naritsugi (Chiemi) "fought to keep [Maki's] pouch and he tried to snatch my pouch away." Maki did not give Caravalho permission to touch her pouch. Maki "fell down in order to keep [her] pouch and also as [her] mother covered [her], [she] was under [her] mother." Caravalho attempted to steal Maki's pouch and used force against her with the intent to overcome her resistence by fighting with her to obtain the pouch.
Chiemi stated that she tried to cover and protect her daughter from Caravalho. Caravalho then took Chiemi's purse. The strap on the purse was taut and broke when Caravalho pulled it away from her. Chiemi then fell to the ground. Chiemi testified that Caravalho pulled hard on her purse so that the strap broke and caused her to fall on the ground. She also stated that she tried to push Caravalho to prevent him from taking her purse. There was substantial evidence that, while in the course of committing the theft of Chiemi's purse, Caravalho used force against Chiemi with intent to overcome her physical resistence to his obtaining her purse by pulling so hard on the purse that when Chiemi would not let go the strap broke, causing her to fall down.
Therefore,
IT IS HEREBY ORDERED that the Judgment, entered on June 1, 2007, in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] Sentencing was held on June 6, 2007. The Judgment was signed and dated June 6, 2007 but was file stamped on June 1, 2007.
[2] The Honorable Richard K. Perkins presided.