21CA1582 Peo v Arceo Trevizo 10-17-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 21CA1582
Boulder County District Court No. 19CR1505
Honorable Norma A. Sierra, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Hugo Armando Arceo Trevizo,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE BROWN
Welling and Hawthorne*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 17, 2024

Philip J. Weiser, Attorney General, Joshua J. Luna, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Cynthia A. Harvey, Alternate Defense Counsel, Aurora, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Hugo Armando Arceo Trevizo, appeals the judgment of conviction entered on jury verdicts finding him guilty of two counts of sexual assault – use of force. Arceo Trevizo contends that the evidence presented at his trial was insufficient to support his convictions. We disagree and affirm.

## I.    Background

¶ 2    The prosecution presented evidence that the victim met Arceo Trevizo through a dating website in 2011, went to his office initially to discuss insurance, and then went on a date with him a few weeks later. On that first date, which occurred in late 2011 or early 2012, the victim and Arceo Trevizo had consensual sex. After that, they were "kind of friends" and occasionally talked or texted every once in a while.

¶ 3    In September 2012, with her friend's encouragement, the victim went out with Arceo Trevizo again. She met him at his house, cooked dinner for him and his children, and watched a movie with them. Later, the victim and Arceo Trevizo went to his bedroom where they became intimate. When Arceo Trevizo put his penis in the victim's vagina, she decided "that's not what [she] wanted." She tried to pull away and told him, "No, I don't want to

do this." Over her continued protests, and with his hand on her neck or his arm on her back, Arceo Trevizo forcibly penetrated the victim both vaginally and anally.

¶ 4    When the victim left Arceo Trevizo's home, she (1) called her friend and told the friend that she had been raped; (2) went to a hospital where she underwent a sexual assault nurse examination (SANE) and disclosed the assault to the SANE nurse who performed that exam; and (3) reported the assault to the police.

¶ 5    The prosecution charged Arceo Trevizo with two counts of sexual assault – use of force, in violation of section 18-3-402(l)(a), (4)(a), C.R.S. 2024.  Following a trial, a jury found him guilty of both charges.

II.    Standard of Review and Applicable Law

¶ 6    On appeal, Arceo Trevizo challenges the sufficiency of the evidence supporting his convictions.  In assessing the evidence's sufficiency, we review the record de novo to determine whether the evidence, viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a finding by a reasonable jury that the defendant is guilty of the charge beyond a reasonable doubt.  *Thomas v. People*, 2021 CO 84, ¶ 10; *People v.*

*Donald*, 2020 CO 24, ¶ 18. In so doing, we give the prosecution the benefit of every reasonable inference that might be fairly drawn from the evidence. *People v. Perez*, 2016 CO 12, ¶ 25.

¶ 7 When analyzing the sufficiency of the evidence, we recognize that it is for the fact finder — the jury in this case — to evaluate the witnesses' credibility, determine the evidence's weight, and resolve conflicts or inconsistencies in the evidence. *People v. Poe*, 2012 COA 166, ¶ 14. We will not second-guess findings that are supported by the evidence or substitute our judgment for the jury's. *See Thomas*, ¶ 10; *see also People v. Strickler*, 2022 COA 1, ¶ 11. Although guessing, speculation, conjecture, or a mere modicum of relevant evidence cannot support a verdict, *Perez*, ¶ 25, if reasonable minds could differ, the evidence is sufficient to sustain a conviction, *People v. Kessler*, 2018 COA 60, ¶ 12.

¶ 8 A person commits sexual assault by knowingly inflicting sexual intrusion or sexual penetration on a victim whom the person knows does not consent. § 18-3-402(1)(a). Although ordinarily a class 4 felony, sexual assault is a class 3 felony if the actor causes the victim to submit to sexual intrusion or sexual penetration "through the actual application of physical force or physical

3

violence." § 18-3-402(4)(a). The term "physical force" has been interpreted to mean "force applied to the body" and does not require an "extra application" of force. *People v. Keene*, 226 P.3d 1140, 1143 (Colo. App. 2009) (quoting *People v. Holwuttle*, 155 P.3d 447, 449 (Colo. App. 2006)). For example, an actor using his body weight to cause the victim to submit against her will is sufficient to establish that the actor applied the physical force required under section 18-3-402(4)(a). *Id.*

## III. Analysis

¶ 9 Arceo Trevizo contends that the evidence presented at his trial was insufficient to establish that (1) he had any knowledge that the victim did not consent to vaginal intercourse; (2) anal intercourse occurred; and (3) he caused the victim to submit through the use of force. Specifically, he argues that there was no physical evidence linking him to the anal intercourse and the testimony from the SANE nurse did not prove that the victim did not consent. Viewing the evidence in the light most favorable to the prosecution, we conclude that it was sufficient to support the jury's verdicts that Arceo Trevizo sexually assaulted the victim twice and did so by using physical force.

¶ 10    The victim testified as follows:

- She went to Arceo Trevizo's home on September 15, 2012, cooked dinner for him and his children, and watched a movie with them.

- Later that evening, she engaged in consensual intimate activities with Arceo Trevizo.  However, when Arceo Trevizo inserted his penis into her vagina, she decided that was not what she wanted and pulled back her hips.

- Arceo Trevizo then grabbed her neck.  She tried to push him back and told him, "No, I don't want to do this."

- Trevizo continued having sex with her with one of his hands on her neck and the other holding her hand above her head.

- She was crying and asked him to stop, saying, "Please don't. I don't want to do this."  Arceo Trevizo told her to "[s]hut up and be a good little girl."  When she continued to cry and asked him to stop, Arceo Trevizo "moved his hand over [her] mouth so [she] couldn't cry loud anymore."

- Arceo Trevizo paused and flipped her over onto her stomach where she "could feel the pressure of his arm on [her] back so [she] couldn't move."  She then felt him "spitting on [her]

butt," and as she tried to grab the sheets to pull herself up, he "put his penis into [her] butt and push[ed] harder." She tried to get Arceo Trevizo to stop by pinching him and yelling for him to stop, but he kept going.

- When Arceo Trevizo stopped, she told him that he had raped her, dressed, and left his house.

- After she left Arceo Trevizo's house, she called her friend and told the friend that Arceo Trevizo had raped her. She went to a hospital where she reported the assault and underwent a comprehensive SANE.

¶ 11 The victim's friend testified that the victim called her in the middle of the night after leaving Arceo Trevizo's house, was crying uncontrollably, and told her that Arceo Trevizo had raped and sodomized her. Also, the SANE nurse and a detective each testified about how the victim described the assault to them and their accounts corroborated details of the victim's trial testimony.

¶ 12 Viewing the evidence in the light most favorable to the prosecution, we conclude that it is substantial and sufficient to support the jury's finding that Arceo Trevizo was guilty of two counts of sexual assault by use of force against the victim — one for

vaginally sexually assaulting her and another for anally sexually assaulting her. *See Thomas*, ¶ 10. The victim's testimony that she repeatedly protested the sexual assault was sufficient for the jury to find that Arceo Trevizo knew she did not consent. § 18-3-402(1)(a). And her testimony that Arceo Trevizo held her by the neck and kept her arms over her head while vaginally penetrating her and pressed his arm into her back while anally penetrating her was sufficient for the jury to find "the actual application of physical force." § 18-3-402(4)(a).

¶ 13 In reaching our conclusion, we reject Arceo Trevizo's assertion that the evidence was insufficient because (1) the SANE nurse testified that (a) she did not observe bruising or injuries to the victim's neck, back, or arms, and (b) the victim's injuries could have been consistent with consensual sex; and (2) there was no DNA evidence to prove that he spit on the victim's back or penetrated her anally. As we have explained, the victim's testimony alone, which recounted the details of both assaults, provided more than a mere modicum of relevant evidence to establish the elements of each of the offenses. *See Poe*, ¶ 14; *see also Keene*, 226 P.3d at 1143. Arceo Trevizo's argument amounts to nothing more than a request

that we "serve as a thirteenth juror" and reweigh the evidence, which we will not do. *Thomas*, ¶ 10 (quoting *People v. Harrison*, 2020 CO 57, ¶ 33); *see also Strickler*, ¶ 11.

## IV. Disposition

¶ 14    We affirm the judgment of conviction.

JUDGE WELLING and JUDGE HAWTHORNE concur.