The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
January 30, 2025

**2025COA12**

**No. 24CA0347, *People v. Hill* — Crimes — First Degree Criminal Trespass — Unlawful Entry by Ruse, Trickery, or Deception**

A division of the court of appeals holds that, if a person secures permission to enter a dwelling by means of ruse, trickery, or deception, the person enters "unlawfully" for purposes of first degree criminal trespass, § 18-4-502(1)(a), C.R.S. 2024.

Court of Appeals No. 24CA0347
Mesa County District Court No. 22CR829
Honorable Brian J. Flynn, Judge

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Kenneth Maurice Hill,

Defendant-Appellee.

RULING DISAPPROVED

Division II
Opinion by JUDGE LUM
Fox and Gomez, JJ., concur

Announced January 30, 2025

Daniel P. Rubinstein, District Attorney, Susan Manown, Deputy District Attorney, Grand Junction, Colorado, for Plaintiff-Appellant

Andrew Sidley-MacKie, Alternate Defense Counsel, Fort Collins, Colorado, for Defendant-Appellee

¶ 1     Defendant, Kenneth Maurice Hill, was charged with first degree criminal trespass. The People appeal the district court's ruling granting Hill's motion for judgment of acquittal. *See* § 16-12-102(1), C.R.S. 2024 ("The prosecution may appeal any decision of a court in a criminal case upon any question of law.").

¶ 2     As a matter of first impression, we conclude that, if a person secures permission to enter a dwelling by means of a ruse, trickery, or deception, the person enters "unlawfully" for purposes of first degree criminal trespass, § 18-4-502(1)(a), C.R.S. 2024. Because the evidence presented at trial was sufficient for a reasonable juror to conclude that Hill was guilty of the trespass charge beyond a reasonable doubt, we disapprove the district court's ruling granting Hill's motion for judgment of acquittal. *See* Crim. P. 29 ("The court . . . shall order the entry of a judgment of acquittal . . . after the evidence on either side is closed, if the evidence is insufficient to sustain a conviction of such offense . . . .").

## I.     Background

¶ 3     At trial, the prosecution presented evidence that would have permitted the jury to find the following facts:

¶ 4     Hill, bail bondsman employed by a bond company, was tasked with apprehending Jose Madrid, who had a number of outstanding warrants for his arrest.  Hill tracked Madrid to an apartment leased by Madrid's brother.  The apartment was located within an apartment complex owned by Perry Properties.

¶ 5     At the complex's leasing office, Hill spoke with a property manager, a leasing specialist, and a maintenance technician, all of whom were Perry Properties employees (collectively, the Perry employees).  Hill wore tactical gear, including a vest with insignias that identified him as a "fugitive recovery agent" for an unspecified "warrant division."  He told the Perry employees that he had warrants for Madrid's arrest and that he had "pinged" Madrid at the apartment's location.  He requested permission to enter Madrid's brother's apartment to take Madrid into custody.

¶ 6     The Perry employees didn't ask to see Hill's badge or paperwork, but they all assumed that he was a member of a police department or other law enforcement agency.  Based on this assumption, the property manager gave Hill permission to enter and directed the maintenance technician to open the apartment for Hill.

¶ 7     Once inside the apartment, Hill confronted Madrid, and Madrid pointed a gun out the apartment's front door. Hill backed out and fired his gun. The shot passed close to the maintenance technician, but it didn't hit anyone.

¶ 8     After the prosecution's case-in-chief, Hill moved for a judgment of acquittal due to insufficient evidence. The district court granted the motion, reasoning that, because Hill had permission to enter the apartment, a reasonable juror could not find that Hill had unlawfully entered the apartment or that he knew his entry was unlawful. The court further explained that Hill's appearance and the Perry employees' impression that he was in law enforcement were irrelevant because Hill "did not identify himself as a law enforcement officer," his clothing didn't "identif[y] him[] as a law enforcement officer," and "the burden falls on the property manager . . . to [determine] as to whether or not someone is a law enforcement officer."

¶ 9     On appeal, the People contend that the district court erred by (1) misinterpreting the mens rea requirement for criminal trespass and (2) concluding that there was insufficient evidence to support the criminal trespass charge.

## II.    Generally Applicable Law

¶ 10    "A person commits the crime of first degree criminal trespass if such person . . . [k]nowingly and unlawfully enters or remains in a dwelling of another." § 18-4-502(1)(a).  A person acts knowingly "when he is aware that his conduct is of such nature or that such circumstance exists." § 18-1-501(6), C.R.S. 2024.

## III.    Mens Rea

¶ 11    The People contend that the district court improperly applied the mental state "knowingly" to both the "entry" and "unlawful" elements of first degree criminal trespass.  They argue that, to convict Hill under section 18-4-502(1), the jury only needed to find that he knowingly entered into the apartment; it didn't need to find that Hill knew his entry was unlawful.

¶ 12    Relying on *Oram v. People*, 255 P.3d 1032 (Colo. 2011), and *People v. Walden*, 224 P.3d 369 (Colo. App. 2009), Hill contends that section 18-4-502(1) imposes criminal liability only if a defendant knows their entry is unlawful.  *See Oram*, 255 P.3d at 1038 (noting that the second degree burglary statute requires "that the defendant knew [their] entry was unlawful"); *Walden*, 224 P.3d at 379 ("[T]he prosecution was already required to prove beyond a

4

reasonable doubt that defendant had knowingly entered the victim's apartment without permission.").

¶ 13    We need not resolve this dispute, however.  Assuming, without deciding, that the prosecution needed to prove that Hill knew his entry was unlawful, we conclude there was sufficient evidence for the case to have been submitted to the jury.

## IV.    Unlawful Entry

¶ 14    Before we review the sufficiency of the evidence, we first examine the threshold legal question of whether Hill's entry could be considered unlawful even though he had obtained the Perry employees' permission to enter.

¶ 15    Hill asserts (and the People don't dispute) that a "person 'enters unlawfully' or 'remains unlawfully' in or upon premises when the person is not licensed, invited, or otherwise privileged to do so."  § 18-4-201(3), C.R.S. 2024.[1]  The parties further agree that

---

[1] The first degree criminal trespass statute describes the element "unlawfully enters," § 18-4-502(1)(a), C.R.S. 2024, but the definitional statute describes the element "enters unlawfully," § 18-4-201(3), C.R.S. 2024.  As best we can discern from the record and the briefing, the parties agree that the definition of "enters unlawfully" in section 18-4-201(3) applies to first degree criminal trespass despite the slight wording difference.

the evidence reflects that Hill was given permission to enter the apartment by employees who were authorized to give it. The parties also seem to agree, at least implicitly, that obtaining such permission would ordinarily render the entry lawful. Nevertheless, the People contend that Hill's entry was unlawful to the extent that he secured permission to enter by causing the employees to believe (wrongly) that he was a member of law enforcement. We agree.

¶ 16　　A division of this court has already concluded that unlawful entry includes "gaining entry to . . . the premises by way of ruse, trickery, or deception." *People v. Burke*, 937 P.2d 886, 890 (Colo. App. 1996). (While *Burke* analyzed unlawful entry in the context of first degree burglary, *id.*, we see no reason to deviate from that analysis when determining whether an entry is unlawful in the context of first degree criminal trespass.) And as the division noted, courts in other jurisdictions have reached similar conclusions. *Id.* at 890-91; *see State v. Zembreski*, 138 A.3d 583, 594 (N.J. Super. Ct. App. Div. 2016) ("To the extent it can be argued [the victim] did allow defendant in, the invitation did not constitute a license, as it was based upon defendant's use of deception."); *State v. Newton*, 755 S.E.2d 786, 789 (Ga. 2014) ("[C]onsent to enter that is given

based on a fraud or deceit perpetrated by the defendant is an unauthorized entry for the purposes of [entering or remaining in a dwelling without authority].”); *State v. Maxwell*, 672 P.2d 590, 593- 94 (Kan. 1983) (“[W]here the consent to enter . . . is obtained by fraud, deceit or pretense the entry is not an authorized entry under the statute . . . .”); *People v. Singer*, 994 N.Y.S.2d 105, 106 (App. Div. 2014) (considering defendant’s deception used to gain access to an apartment when determining whether the evidence was sufficient to show that defendant wasn’t licensed to enter and knew her entry was an unlawful trespass).

¶ 17 We are persuaded by the reasoning in these cases and conclude that, if there was sufficient evidence for a jury to find that Hill gained entry by means of a ruse, trickery, or deception, the jury could conclude that his entry was unlawful.

## V. Sufficiency

¶ 18 We now consider whether there was sufficient evidence for a jury to find that (1) Hill gained entry by means of a ruse, trickery, or deception; and (2) Hill knew his entry was unlawful. We conclude that there was.

## A.    Standard of Review

¶ 19    We review de novo a district court's ruling on a motion for a judgment of acquittal for insufficient evidence.  *Montes-Rodriguez v. People*, 241 P.3d 924, 927 (Colo. 2010).  Whether a motion for a judgment of acquittal should be granted is determined by the substantial evidence test.  *People v. Gonzales*, 666 P.2d 123, 127 (Colo. 1983).  "Under this test, we ask whether the evidence, 'viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt.'"  *Gorostieta v. People*, 2022 CO 41, ¶ 16 (quoting *People v. Harrison*, 2020 CO 57, ¶ 32).  "[W]e must 'give the prosecution the benefit of every reasonable inference which might be fairly drawn from the evidence.'"  *Id.* at ¶ 17 (quoting *Harrison*, ¶ 32).

## B.    Sufficiency Analysis

¶ 20    The evidence presented at trial would have permitted the jury to find the following additional facts:

- Hill wore a tactical, bulletproof vest and carried ammunition, several less-than-lethal devices, a firearm, and handcuffs.  A device resembling a handheld radio was hung

8

over Hill's shoulder.  One employee testified that the gear made Hill look like a SWAT team member.

- Hill's vest had insignias on the front and back with three lines of yellow text that read "Fugitive Recovery / AGENT / Warrant Division."  The insignias did not refer to the bond company Hill worked for.

- Hill had a badge on the front of his vest.  The Perry employees didn't get a close look at the badge and didn't know what wording it contained.

- Hill had a blue and white patch on his left shoulder.  The patch was in a shape commonly used by police and other law enforcement agencies, and it contained an eagle or similar symbol.

- Hill did not identify himself as a bail bondsman.  While holding up a file folder containing papers, he said only that he had a warrant for Madrid's arrest.

- Without explaining what authority he had to do so, Hill said that he would kick in the door to the apartment if he was not granted permission to enter.  Though his tone of voice

9

was light, the Perry employees were concerned he would kick the door down if not allowed inside.

- The Perry employees all believed that Hill was a law enforcement officer based on his appearance, and they gave Hill permission to enter because it was the company's policy to cooperate with law enforcement.

- The employees would not have let Hill into the apartment if they had known he was a bail bondsman.

¶ 21    Viewing the evidence together and in the light most favorable to the prosecution, *see id.* at ¶ 16, the jury could reasonably have inferred that Hill used his clothing and manner as a way to deceive the Perry employees into believing he was a law enforcement officer to obtain their permission and assistance to enter the apartment. Accordingly, there was sufficient evidence for the jury to infer that Hill's entry was unlawful because he obtained his authorization to enter by means of "ruse, trickery, or deception." *Burke*, 937 P.2d at 890.

¶ 22    Still, Hill argues that a jury could not have found any deception because (1) he never made any affirmative statement that he was in law enforcement; (2) his clothing didn't explicitly "claim[]

any association with any law enforcement agency"; (3) his clothing was also consistent with that of private security guards; and (4) the Perry employees didn't ask for a closer look at Hill's credentials but instead jumped to the "unjustified conclusion" that he was a law enforcement officer.  We reject the arguments that the Perry employees' conclusions were "unjustified" and that Hill needed to make affirmative verbal or written misrepresentations for a jury to reasonably infer that he used deception to gain entry.  As described above, the way Hill presented himself — as an armed "agent," seemingly carrying police gear and displaying insignias and other symbols strongly resembling those used by governmental organizations, while saying he was there to "arrest" somebody and that he would kick in the door if he wasn't allowed access — so strongly evoked a law enforcement officer that a juror could reasonably infer an intentional deception, particularly given Hill's failure to identify himself as a bail bondsman.  Hill's assertions that private security guards may dress in a similar manner and that the Perry employees could have been more vigilant don't make such inferences unreasonable, and we must give the prosecution the

11

benefit of all reasonable inferences that may fairly be drawn from the evidence.  *See Gorostieta*, ¶ 16.

¶ 23    We also conclude that there was sufficient evidence to show that Hill knew his entry was unlawful.

¶ 24    A detective testified that, after the incident, Hill said he "understood that he needed permission from somebody . . . that's authorized to enter th[e] apartment."[2]  And because jurors could have reasonably inferred that Hill used his clothing and manner to trick the Perry employees into believing he was a law enforcement officer, they could also have reasonably inferred that he was aware the employees wouldn't have granted such permission unless they believed he was a law enforcement officer.  *See Oram*, 255 P.3d at 1038 (holding that evidence was sufficient to show that bondsmen knew their entry into a residence was unlawful because they used a ruse — pretending they were in law enforcement — as part of their efforts to gain entry); *cf. People v. Ridenour*, 878 P.2d 23, 26 (Colo. App. 1994) ("[T]he defendant's use of a pretense in order to gain [a]

---

[2] Hill did not argue at trial — and does not argue on appeal — that he could lawfully enter the apartment without permission.

12

ticket taker's permission to enter [an] office indicates that he was aware that it was not open to the public.").

¶ 25    For these reasons, we conclude that the district court erred by ruling that there wasn't sufficient evidence to submit the matter to the jury and granting the judgment of acquittal.  Though Hill can't be retried, *see People v. Galang*, 2016 COA 68, ¶ 40 n.7, we disapprove of the court's ruling.

## VI.    Disposition

¶ 26    The district court's ruling granting the judgment of acquittal is disapproved.

JUDGE FOX and JUDGE GOMEZ concur.