■ In the Matter of ALICIA ROCCO, Appellant, v LARRY ROCCO, Respondent. [910 NYS2d 826]—

Appeal from an order of the Family Court, Oneida County (Brian M. Miga, J.H.O.), entered May 11, 2009 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded primary physical custody of the parties' children to respondent father.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum: On appeal from an order awarding primary physical custody to respondent father and visitation to petitioner mother, the mother contends that Family Court erred in failing to set forth its findings of fact and the reasons for its custody determination. We agree. It is well established that the court is obligated "to set forth those facts essential to its decision" (*Matter of Graci v Graci*, 187 AD2d 970, 971 [1992]; *see* CPLR 4213 [b]; Family Ct Act § 165 [a]). Here, the decision underlying the order on appeal merely recites in a conclusory manner that the court considered the testimony and exhibits presented, which is insufficient to meet the requirements of CPLR 4213 (b) (*see Graci*, 187 AD2d at 971). Although the court made limited "findings" on the record, i.e., that both parties were "nice people" and "good parents" and that they would each be awarded "substantial quality parenting time with these children," those conclusory statements do not enable us to provide effective appellate review of the court's custody determination (*see id.*; *see also Matter of Jose L.I.*, 46 NY2d 1024, 1026 [1979]). We note that, although the record is sufficient to enable this Court to make its own findings of fact (*see Matter of Williams v Tucker*, 2 AD3d 1366 [2003], *lv denied* 2 NY3d 705 [2004]), we decline to do so. Rather, we conclude under the circumstance of this case, involving an initial award of custody, that "[e]ffective appellate review . . . requires that appropriate factual findings be made by the trial court—the court best able to measure the credibility of the witnesses" (*Giordano v Giordano*, 93 AD2d 310, 312 [1983]). We therefore reverse the order and remit the matter to Family Court for that purpose and a new determination if the court deems it appropriate upon making the requisite findings (*see generally Wagner v Wagner*, 222 AD2d 1039, 1040 [1995]). Present—Smith, J.P., Peradotto, Carni, Sconiers and Gorski, JJ.