■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO MARTINEZ, Appellant. [943 NYS2d 95]—

Judgment, Supreme Court, New York County (John Cataldo, J., at hearing; Bruce Allen, J., at trial, plea, and sentencing), rendered September 9, 2009, convicting defendant, after a jury trial, of robbery in the first and second degrees, and, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 10 years, unanimously affirmed.

The trial court properly exercised its discretion in admitting testimony that the police apprehended defendant on a subway train after recognizing him from a wanted poster bearing his photograph. The testimony was admitted not for its truth, but to provide background information explaining why the police approached and arrested defendant at the particular time and place in question (*see People v Tosca*, 98 NY2d 660 [2002]). Under the circumstances, to leave the officers' actions unexplained "would have placed a mystery before the jury and invited speculation" (*People v Barnes*, 57 AD3d 289, 290 [2008], *lv denied* 12 NY3d 781 [2009]). Furthermore, the court provided a suitable limiting instruction, which the jury is presumed to have followed. In particular, we find there was no danger that the jury would draw an inference that anyone other than testifying witness gave any information to the police (*compare United States v Reyes*, 18 F3d 65, 70-71 [1994]).

The challenged portion of the prosecutor's summation did not deprive defendant of a fair trial. The prosecutor did not act as an unsworn expert witness on the issue of eyewitness identification. Instead, in response to counsel's summation, the prosecutor essentially asked the jurors to apply ordinary life experiences and common sense.

We have considered and rejected defendant's remaining claims. Concur—Tom, J.P., Andrias, DeGrasse, Richter and Román, JJ.