# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

330
CAF 12-01556
PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF JENNIFER MCLAUGHLIN,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

TIMOTHY MCLAUGHLIN, RESPONDENT-APPELLANT.

---

BETZJITOMIR & BAXTER, LLP, BATH (SUSAN BETZJITOMIR OF COUNSEL), FOR RESPONDENT-APPELLANT.

THE LAW OFFICE OF NANCY M. ERACA, ELMIRA (NANCY M. ERACA OF COUNSEL), FOR PETITIONER-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Family Court, Steuben County (Marianne Furfure, A.J.), entered November 15, 2011 in a proceeding pursuant to Family Court Act article 8. The order directed respondent to observe certain conditions of behavior.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent husband appeals from an order of protection issued in connection with Family Court's determination that he committed acts constituting the family offense of disorderly conduct against petitioner wife (*see* Family Ct Act § 812 [1]; Penal Law § 240.20 [1]). Although the order of protection has expired, the appeal is not moot inasmuch as respondent challenges only the court's finding that he committed a family offense and, " 'in light of enduring consequences which may potentially flow from an adjudication that a party has committed a family offense,' the appeal . . . is not academic" (*Matter of Hunt v Hunt*, 51 AD3d 924, 925; *see Marquardt v Marquardt*, 97 AD3d 1112, 1113).

Contrary to respondent's contention, petitioner met her burden of establishing by a preponderance of the evidence that respondent committed the family offense of disorderly conduct (*see* Family Ct Act § 832; *Matter of Hagopian v Hagopian*, 66 AD3d 1021, 1022; *Matter of R.M.W. v G.M.M.*, 23 Misc 3d 713, 717-718; *cf. Matter of Bartley v Bartley*, 48 AD3d 678, 678-679). Although respondent's conduct did not take place in public, section 812 (1) specifically states that, "[f]or purposes of this article, 'disorderly conduct' includes disorderly conduct not in a public place." In addition, disorderly conduct may be committed when a person "recklessly creat[es] a risk" of annoyance or alarm through violent or threatening behavior (Penal Law § 240.20

[1]). We thus reject respondent's contention that the statute "requires more than a 'risk.' "

We further reject respondent's contention that the Acting Family Court Judge abused her discretion in refusing to recuse herself. "Absent a legal disqualification, . . . a Judge is generally the sole arbiter of recusal" (*Matter of Murphy*, 82 NY2d 491, 495), and it is well established that a court's recusal decision will not be overturned absent an abuse of discretion (*see People v Moreno*, 70 NY2d 403, 405-406). Respondent contends that the Judge was biased against his attorney, who had filed a complaint against the Judge with the Judicial Conduct Committee. Although the Rules of the Chief Administrator of the Courts governing judicial conduct provide that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned" (22 NYCRR 100.3 [E] [1]), respondent's claim of bias is not supported by the record and is thus insufficient to require recusal. There is no evidence that any alleged bias had " 'result[ed] in an opinion on the merits [of this case] on some basis other than what the [J]udge learned from [her] participation in the case' " (*Board of Educ. of City Sch. Dist. of City of Buffalo v Pisa*, 55 AD2d 128, 136; *see e.g. Fecteau v Fecteau*, 97 AD3d 999, 1002; *People v Strohman*, 66 AD3d 1334, 1335-1336, *lv dismissed* 13 NY3d 911; *Matter of Petkovsek v Snyder*, 251 AD2d 1086, 1086-1087).

Finally, we reject respondent's contention that the court erred in admitting in evidence an audio recording of the incident made by the parties' son. While there is no dispute that the parties were not aware that he was recording the incident and did not give consent thereto, the eavesdropping statutes are implicated only when the recording is made "by a person not present thereat" (Penal Law § 250.00 [2]; *see* CPLR 4506 [1], [2]). The parties' son, who made the recording from his bedroom, was "present" for the purposes of the statutes (*see People v Kirsh*, 176 AD2d 652, 652-653, *lv denied* 79 NY2d 949).

Entered: March 22, 2013                    Frances E. Cafarell
                                           Clerk of the Court