# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**279**

**CAF 13-00710**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF WAYNE YADDOW,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

LISA BIANCO, RESPONDENT-RESPONDENT.

---

JOHN J. RASPANTE, UTICA, FOR PETITIONER-APPELLANT.

SAUNDERS, KOHLER, L.L.P., UTICA (JAMES S. RIZZO OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

PETER J. DIGIORGIO, JR., ATTORNEY FOR THE CHILD, UTICA.

---

Appeal from an order of the Family Court, Oneida County (Joan E. Shkane, J.), entered April 1, 2013 in a proceeding pursuant to Family Court Act article 6. The order denied the petition.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order denying his petition seeking permission for the parties' child, who is now eight years old, to relocate with him from New York to Maryland. We note at the outset that, although Family Court failed " 'to set forth those facts essential to its decision' " (*Matter of Rocco v Rocco*, 78 AD3d 1670, 1671; *see* CPLR 4213 [b]; Family Ct Act § 165 [a]), the record is sufficient to enable us to make the requisite findings (*see Matter of Mathewson v Sessler*, 94 AD3d 1487, 1489, *lv denied* 19 NY3d 815; *Matter of Williams v Tucker*, 2 AD3d 1366, 1367, *lv denied* 2 NY3d 705). Based on our review of the record, we conclude that the father failed to demonstrate by a preponderance of the evidence that it was in the best interests of the child to relocate to Maryland, where the father wished to live with his new wife (*see generally Matter of Tropea v Tropea*, 87 NY2d 727, 738-741).

The father's primary motivation for relocating was financial, and he testified that he had obtained an offer of a full-time teaching position at a middle school in Maryland. The father failed, however, to offer any proof of that job offer, and the court made clear during its questioning of him that it had doubts whether the offer actually existed. In any event, the father did not diligently seek teaching positions in the surrounding counties, and his wife, a teacher in

Maryland, made no efforts to find employment in New York.  We note that the father's wife, who has no children of her own, has ties to New York, having graduated from the State University of New York at Oswego, where she met the father.  Finally, a relocation to Maryland would make it difficult for the child to maintain a meaningful relationship with his mother and two brothers, who reside in central New York.  In sum, we conclude that the court's determination to deny the father's relocation petition has a sound and substantial basis in the record and therefore should not be disturbed (*see Matter of Ramirez v Velazquez*, 91 AD3d 1346, 1347, *lv denied* 19 NY3d 802; *Matter of Murphy v Peace*, 72 AD3d 1626, 1626-1627).

Entered:  March 28, 2014                    Frances E. Cafarell
                                            Clerk of the Court