■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIN SINGER, Appellant. [994 NYS2d 105]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered March 15, 2011, convicting defendant, after a jury trial, of criminal trespass in the second degree, and sentencing her to a term of one year, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant's lack of a

license to enter the apartment where her estranged niece resided, and defendant's knowledge that her entry was unlawful, were established by both the niece's testimony that she never gave defendant permission to enter and by the totality of the circumstances (*see People v Jackson*, 118 AD3d 635 [1st Dept 2014]; *People v Midgette*, 115 AD3d 603, 604 [1st Dept 2014], *lv denied* 23 NY3d 965 [2014]). These circumstances included defendant's estrangement from her niece (*see People v Schneiderman*, 295 AD2d 137, 139 [1st Dept 2002], *lv dismissed* 98 NY2d 702 [2002]), the deception defendant used to gain access by conveying the impression to building personnel that she was a resident of the apartment (*see People v Aaron*, 233 AD2d 231 [1st Dept 1996], *lv denied* 89 NY2d 983 [1997]), the unusual hour and egregious circumstances of the entry (*see People v White*, 276 AD2d 287 [1st Dept 2000], *lv denied* 96 NY2d 740 [2001]) and defendant's statements evincing her knowledge that her entry was unlawful and her consciousness of guilt (*see Jackson*, 118 AD3d at 636).

Since defendant never alerted the court to the specific claim she raises on appeal, defendant's challenge to the prosecutor's summation is unpreserved (*see People v Romero*, 7 NY3d 911 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. By referring to the niece as the "tenant" of the apartment, the prosecutor did not act as an unsworn expert witness regarding the niece's right to occupy the apartment. Instead, the prosecutor used the term colloquially and not in a technical legal sense (*see People v Martinez*, 95 AD3d 462 [1st Dept 2012], *lv denied* 19 NY3d 975 [2012]). In any event, the prosecutor's conduct did not deprive defendant of a fair trial. Concur—Gonzalez, P.J., Saxe, DeGrasse, Richter and Clark, JJ.