# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1403**
**CAF 15-00831**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF HEATHER WILLIAMS,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

JASON LUCZYNSKI, RESPONDENT-RESPONDENT.

---

MICHAEL N. KALIL, ESQ., LLC, UTICA (MICHAEL N. KALIL OF COUNSEL), FOR PETITIONER-APPELLANT.

DIANE MARTIN-GRANDE, ROME (LUCILLE M. RIGNANESE OF COUNSEL), FOR RESPONDENT-RESPONDENT.

MARK P. MALAK, ATTORNEY FOR THE CHILD, CLINTON.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Oneida County (Joan E. Shkane, J.), entered June 10, 2014 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, denied the petition seeking permission to relocate with the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order denying her petition seeking permission for the parties' daughter, who is now six years old, to relocate with her from Clinton to Corning, which is approximately 125 miles away. Based on our review of the record, we conclude that the mother failed to demonstrate by a preponderance of the evidence that the proposed relocation is in the best interests of the child (*see generally Matter of Tropea v Tropea*, 87 NY2d 727, 738-741).

As the mother acknowledges, her primary motivation for relocating is to live with her fiancé in Corning, and her income would not increase as a result of the move. Although the mother's standard of living would improve if she were to live with her fiancé, neither she nor her fiancé testified that he could not or would not move to Clinton. Moreover, the child's half sister resides in Clinton, as does respondent father and many other relatives on both sides of the child's family. In fact, the father spends significant time with the child in Clinton, and his relationship with her likely would be adversely affected if she were to move to Corning. In sum, we conclude that Family Court's determination to deny the mother's

relocation petition has a sound and substantial basis in the record and therefore should not be disturbed (*see Matter of Yaddow v Bianco*, 115 AD3d 1338, 1339).

Finally, we conclude that the mother lacks standing to challenge the court's appointment of assigned counsel for the father.