# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**565**
**CAF 14-01936**
PRESENT: SMITH, J.P., CARNI, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF CHARISE R. TELLES,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TODD J. DEWIND, RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET SOMES OF
COUNSEL), PRO BONO APPEALS PROGRAM, GLENS FALLS, FOR
RESPONDENT-APPELLANT.

SCHIANO LAW OFFICE, P.C., ROCHESTER (CHARLES A. SCHIANO, JR., OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Monroe County (John J. Rivoli, J.H.O.), entered October 8, 2014 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order of protection issued in favor of petitioner, his girlfriend, in connection with Family Court's determination that he committed acts constituting various family offenses (*see* Family Ct Act § 812 [1]), including reckless endangerment in the second degree (Penal Law § 120.20). We affirm.

Although the court found that respondent committed various family offenses and sufficiently "state[d] the facts it deem[ed] essential" to its decision (*Matter of Tin Tin v Thar Kyi*, 92 AD3d 1293, 1293, *lv denied* 19 NY3d 802 [internal quotation marks omitted]; *see Matter of Rocco v Rocco*, 78 AD3d 1670, 1671), it did not specify the subsections of the criminal statutes upon which it based its findings that respondent had committed the family offenses of forcible touching, harassment in the second degree, and disorderly conduct. Nevertheless, exercising our independent review power, we conclude that the proof is sufficient to establish, by a preponderance of the evidence, that respondent committed the family offenses of forcible touching under Penal Law § 130.52 (1), disorderly conduct under section 240.20 (1), and harassment in the second degree under section 240.26 (1) (*see Matter of Lynn TT. v Joseph O.*, 129 AD3d 1129, 1130; *see generally Matter of Yaddow v Bianco*, 115 AD3d 1338, 1339).

We reject respondent's contention that the evidence did not support the finding that he committed the family offense of disorderly conduct because he did not intend to create a public disturbance. A person is guilty of disorderly conduct "when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . [h]e engages in fighting or in violent, tumultuous or threatening behavior" (Penal Law § 240.20 [1]). The conduct does not have to take place in public, so long as the person recklessly creates a risk of a public disturbance (*see Matter of McLaughlin v McLaughlin*, 104 AD3d 1315, 1315-1316). Here, the testimony presented at the fact-finding hearing established that respondent, in the parties' home, threw petitioner against a wall, forced his fingers in her mouth and caused bleeding, slapped her face, punched her legs, forcibly touched her vagina, and grabbed her by the hair when she tried to get away, all of which ultimately resulted in petitioner leaving the home with her three children, thereby sufficiently establishing a risk of public disturbance (*see Matter of Kiani v Kiani*, 134 AD3d 1036, 1037-1038; *Matter of Dietzman v Dietzman*, 112 AD3d 1370, 1370). That testimony also supports, by a preponderance of the evidence, the court's conclusion that respondent committed the family offenses of reckless endangerment in the second degree, forcible touching, and harassment in the second degree.

We reject respondent's further contention that he was denied a fair trial by the admission of testimony regarding conduct not alleged in the family offense petition. The court's decision was explicitly based solely on the conduct alleged in the petition. In any event, sitting as the trier of fact, the "judge . . . is ordinarily presumed to be able to base a determination on admissible evidence while ignoring inadmissible evidence" (*Matter of Czop v Czop*, 21 AD3d 958, 959; *see People v Lamphier*, 302 AD2d 864, 865, *lv denied* 99 NY2d 656).

Entered:  June 10, 2016                        Frances E. Cafarell
                                               Clerk of the Court