■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD J. AIKEY, Appellant. [62 NYS3d 655]—

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered June 19, 2015. The judgment convicted defendant, upon a nonjury verdict, of criminal contempt in the first degree, criminal trespass in the third degree, endangering the welfare of a child (two counts), harassment in the second degree and criminal contempt in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]), criminal trespass in the third degree (§ 140.10 [a]), harassment in the second degree (§ 240.26 [1]), criminal contempt in the second degree (§ 215.50 [3]), and two counts of endangering the welfare of a child (§ 260.10 [1]). Viewing the evidence in the light most favorable to the prosecution, as we must (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant contends that the conviction of criminal contempt in the first degree is not supported by legally sufficient evidence and the verdict with respect to that crime is against the weight of the evidence because the People failed to establish that he had physical contact with the victim and that he had

the requisite intent to harass, annoy, threaten or alarm the victim (see Penal Law § 215.51 [b] [v]). We reject that contention. The evidence is legally sufficient with respect to physical contact inasmuch as the victim testified that defendant pushed her, causing her to fall down. With respect to defendant's intent, it is well established that "[i]ntent may be inferred from conduct as well as the surrounding circumstances" (People v Steinberg, 79 NY2d 673, 682 [1992]), and here the evidence at trial established that defendant repeatedly and continuously engaged in obsessive and violent behavior when the victim attempted to start a new relationship with another person. Thus, there is a "valid line of reasoning and permissible inferences which could lead a rational person" to conclude that defendant intended to annoy or harass the victim when he entered her apartment and pushed her in an attempt to find the victim's new boyfriend (Bleakley, 69 NY2d at 495). Moreover, upon our review of the conflicting testimony and inferences to be drawn from the evidence, we conclude that the verdict with respect to that crime is not against the weight of the evidence (see generally id.). For the same reasons, we reject defendant's contention that the conviction of harassment in the second degree is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence.

With respect to criminal trespass in the third degree, defendant contends that the conviction is not supported by legally sufficient evidence and the verdict is against the weight of the evidence because the People failed to establish that he knowingly entered or remained unlawfully on the premises. We reject that contention. Although the evidence established that defendant and the victim are the parents of two children and defendant was initially invited to the victim's apartment complex to drop off the children, the evidence further established that the victim warned defendant not to enter her apartment and that she raised her hand to prevent him from walking past her and into the apartment. Thus, we conclude that the evidence is legally sufficient to establish that defendant knew that he was not permitted to enter the building, and we also conclude that the verdict with respect to that crime is not against the weight of the evidence.

We further conclude that the evidence is legally sufficient to support the conviction of criminal contempt in the second degree and that the verdict with respect to that crime is not against the weight of the evidence. The evidence established that defendant violated an order of protection when he drove past the victim's apartment complex while making an obscene

gesture (*see People v Roman*, 13 AD3d 1115, 1115-1116 [2004], *lv denied* 4 NY3d 802 [2005]).

Contrary to defendant's contention, the evidence is legally sufficient to support the conviction of two counts of endangering the welfare of a child. The victim testified at trial that defendant pushed her while she was holding one child and was in proximity to the other child. That evidence is legally sufficient to establish that defendant knowingly acted in a manner that would likely be injurious to the physical, mental or moral welfare of the two children (*see People v Johnson*, 95 NY2d 368, 371 [2000]). Contrary to defendant's further contention, the verdict with respect to the counts of endangering the welfare of a child is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject defendant's contention that he was denied a fair trial by prosecutorial misconduct. Specifically, we conclude that the prosecutor's comments with respect to defendant's failure to present a witness did not constitute an impermissible effort to shift the burden of proof inasmuch as defendant elected to present a defense (*see People v Tankleff*, 84 NY2d 992, 994 [1994]; *People v Rivera*, 292 AD2d 549, 549 [2002], *lv denied* 98 NY2d 654 [2002]).

The sentence imposed is not unduly harsh or severe. Present—Whalen, P.J., Peradotto, Lindley, NeMoyer and Curran, JJ.