<partyblock>

The People of the State of New York, Respondent,

against

Stephen Skipwith, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Miriam R. Best, J.), rendered December 21, 2012, after a nonjury trial, convicting him of attempted criminal mischief in the fourth degree (two counts), attempted criminal trespass in the second degree, attempted endangering the welfare of a child (three counts), menacing in the third degree, and harassment in the second degree, and imposing sentence.

Per Curiam.

Judgment of conviction (Miriam R. Best, J.), rendered December 21, 2012, affirmed.

Defendant's present challenge to the legal sufficiency of the evidence supporting his conviction for two of the three counts of attempted endangering the welfare of a child (see Penal Law  110/260.10[1]) is unpreserved for appellate review (see People v Gray, 86 NY2d 10 [1995]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Defendant's guilt was established by evidence that he engaged in acts of domestic violence in the presence of victim's two younger children (see People v Johnson, 95 NY2d 368, 371 [2000]; People v Aikey, 153 AD3d 1603 [2017], lv denied 30 NY3d 1058 [2017]). The credited evidence established that after the victim ordered defendant to leave her apartment, defendant yelled and screamed as he wedged his foot in the apartment door; kicked the door open with enough force that the victim was pushed into a wall; then chased the victim's oldest child to prevent him from calling 911 and pushed him to the floor in front his younger brothers who were yelling and crying.

The evidence is also legally sufficient to support the conviction of attempted second degree criminal trespass (see Penal Law  110/140.15[1]). Defendant's lack of license to enter the victim's apartment and defendant's knowledge that his entry was unlawful were established by both the victim's testimony that defendant did not have permission to be in the apartment (see People v Singer, 121 AD3d 455, 455-456 [2014], lv denied 24 NY3d 1089 [2014]), as well as the totality of the circumstances (see People v Jackson, 118 AD3d 635 [2014], lv denied 24 NY3d [*2]1044 [2014]), including that defendant paid no rent, his name was not on the lease, and he did not have a key (see People v Dela Cruz, 162 AD2d 312, 313 [1990], lv denied 76 NY2d 892 [1990]).

Contrary to defendant's further contention, the verdict as to all charges was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the court's credibility determinations, including its evaluation of minor inconsistencies in the testimony of the victim (see People v Sandoval, 137 AD3d 653, 654 [2016], lv denied 27 NY3d 1138 [2016]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: April 25, 2018

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>