Matter of Brown v Orr (2018 NY Slip Op 07905)





Matter of Brown v Orr


2018 NY Slip Op 07905


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND CURRAN, JJ.


1194 CAF 17-01893

[*1]IN THE MATTER OF MICHAEL BROWN, PETITIONER-RESPONDENT-RESPONDENT,
v
ARIEL ORR, RESPONDENT-PETITIONER-APPELLANT. 






BENEDICT LAW OFFICE, BATH (MARY HOPE M. BENEDICT OF COUNSEL), FOR RESPONDENT-PETITIONER-APPELLANT. 
CHAFFEE & LINDER, PLLC, BATH (RUTH A. CHAFFEE OF COUNSEL), FOR PETITIONER-RESPONDENT-RESPONDENT. 
VIVIAN CLARA STRACHE, BATH, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Steuben County (Peter C. Bradstreet, J.), entered October 24, 2017 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, dismissed the modification petition of respondent-petitioner and granted petitioner-respondent sole legal and physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition of respondent-petitioner is reinstated, and the matter is remitted to Family Court, Steuben County, for further proceedings in accordance with the following memorandum: Pursuant to a consent order, petitioner-respondent father and respondent-petitioner mother had joint legal custody and shared physical custody of the subject child. After entry of the consent order, each parent filed a modification petition seeking sole custody. Family Court held a hearing and, thereafter, dismissed the mother's petition and, in essence, granted the father's petition. On appeal, the mother contends, and the father and the Attorney for the Child concede, that the court failed to make factual findings to support the award of custody. We agree. It is "well established that the court is obligated to set forth those facts essential to its decision' " (Matter of Rocco v Rocco, 78 AD3d 1670, 1671 [4th Dept 2010]; see CPLR 4213 [b]; Family Ct Act § 165 [a]). Here, the court utterly failed to follow that well-established rule inasmuch as it made no findings to support its determination. "Effective appellate review, whatever the case but especially in child visitation, custody or neglect proceedings, requires that appropriate factual findings be made by the trial court—the court best able to measure the credibility of the witnesses" (Matter of Jose L. I., 46 NY2d 1024, 1026 [1979]). We therefore reverse the order, reinstate the mother's petition, and remit the matter to Family Court to make a determination on the petitions, including specific findings as to a change in circumstances and the best interests of the child, following an additional hearing if necessary (see Matter of Avdic v Avdic, 125 AD3d 1534, 1536 [4th Dept 2015]). Pending the court's determination upon remittal, the custody and visitation provisions in the order appealed from shall remain in effect.
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court