People v Suarez (2019 NY Slip Op 03012)





People v Suarez


2019 NY Slip Op 03012


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Renwick, J.P., Gische, Webber, Singh, JJ.


9080 2932/11

[*1]The People of the State of New York, Respondent,
v
Ismael Suarez, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Lawrence T. Hausman of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Victoria Muth of counsel), for respondent.



Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered December 9, 2011, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.
The court properly admitted a wanted poster, which contained still photographs from a surveillance video, as background information that completed the narrative of the events leading up to defendant's apprehension (see People v Rivera, 96 NY2d 749, 751 [2001]; People v Martinez, 95 AD3d 462 [1st Dept 2012], lv denied 19 NY3d 975 [2012]). However, the court improvidently exercised its discretion in refusing to redact the written description of the suspect also contained on the wanted poster (cf. id. at 462). Such error was harmless, however, as the arresting officer testified that he recognized defendant based on the still photograph rather than the written description.
The court properly admitted a photograph of defendant from a prior arrest, depicting him wearing a distinctive jacket that matched the jacket worn by the suspect in the surveillance video, without granting defendant's unelaborated request for a hearing as to whether the prior arrest was lawful. "Hearings are not automatic or generally available for the asking" (People v Mendoza, 82 NY2d 415, 422 [1993]). There was no information before the trial court to suggest that the prior arrest might have been unlawful; instead, the only information available was that defendant had pleaded guilty in the prior case without litigating any suppression issues.
A police witness's brief, nonspecific reference to receipt of a "jacket," where defendant's jacket had been suppressed, did not warrant the drastic remedy of a mistrial. Instead, the court granted the alternative remedy requested by defendant after the mistrial was denied, and this was sufficient to prevent any prejudice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK