Matter of Tara N. P.-T. v Emma P.-T. (2022 NY Slip Op 02669)

Matter of Tara N. P.-T. v Emma P.-T.

2022 NY Slip Op 02669

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, WINSLOW, AND BANNISTER, JJ.

185 CAF 21-00561

[*1]IN THE MATTER OF TARA N. P.-T., PETITIONER-RESPONDENT,
v
EMMA P.-T., RESPONDENT-APPELLANT. 

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
ROSEMARIE RICHARDS, GILBERTSVILLE, FOR PETITIONER-RESPONDENT. 
MARYBETH D. BARNET, MIDDLESEX, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Steuben County (Patrick F. McAllister, A.J.), entered April 1, 2021 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner and petitioner's children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order of protection issued in favor of petitioner, who is respondent's wife, and petitioner's children in connection with Family Court's determination that respondent committed acts constituting various family offenses (see Family Ct Act § 812 [1]). We affirm. Contrary to respondent's contention, the court sufficiently stated the facts it deemed essential to its decision (cf. Matter of Rocco v Rocco, 78 AD3d 1670, 1671 [4th Dept 2010]; see generally CPLR 4213 [b]; Family Ct Act § 165 [a]). The court, however, did not specify the subsections of the criminal statutes upon which it based its findings that respondent had committed the family offenses of "disorderly conduct, harassment, and aggravated harassment." Exercising our independent review power (see Matter of Telles v Dewind, 140 AD3d 1701, 1701 [4th Dept 2016]), we conclude that the record is sufficient to establish, by a preponderance of the evidence, that respondent committed the family offenses of disorderly conduct (see Penal Law § 240.20 [1]; Telles, 140 AD3d at 1702), harassment in the second degree (see § 240.26 [1]; Matter of Cousineau v Ranieri, 185 AD3d 1421, 1422 [4th Dept 2020], lv denied 35 NY3d 917 [2020]), and aggravated harassment in the second degree (see § 240.30 [1] [a]; Matter of Paliani v Selapack, 178 AD3d 1425, 1425-1426 [4th Dept 2019], lv denied 35 NY3d 905 [2020]). We have reviewed respondent's remaining contention and conclude that it is without merit.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court