Matter of McCaslin v Beck (2023 NY Slip Op 01620)

Matter of McCaslin v Beck

2023 NY Slip Op 01620

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

215 CAF 21-01602

[*1]IN THE MATTER OF SHARI B. MCCASLIN, PETITIONER-RESPONDENT,
v
DAVID E. BECK, RESPONDENT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT.

 Appeal from an order of the Family Court, Steuben County (Chauncey J. Watches, J.), entered November 1, 2021 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Respondent appeals from an order of protection issued in a proceeding pursuant to Family Court Act article 8 upon a finding that he committed an unspecified family offense against petitioner, the mother of two of his children. At the fact-finding hearing, petitioner testified that respondent was verbally abusive to her when talking to her by degrading her, accusing her of not keeping a clean home, and blaming her for his poor relationship with his daughter.
Initially, we note that Family Court failed to set forth its essential findings of fact, and also failed to specify the family offense or offenses upon which the order of protection was predicated (see Matter of Benson v Smith, 170 AD3d 1640, 1641 [4th Dept 2019]; Matter of White v Byrd-McGuire, 163 AD3d 1413, 1414 [4th Dept 2018]). Remittal is not necessary, however, because the record is sufficient for this Court to conduct an independent review of the evidence (see White, 163 AD3d at 1414; Matter of Telles v DeWind, 140 AD3d 1701, 1701 [4th Dept 2016]). Upon that review, we conclude that the evidence presented at the fact-finding hearing failed to establish by a preponderance of the evidence that respondent committed the family offense of harassment in the first degree (Penal Law § 240.25) or harassment in the second degree under any subdivision (§ 240.26) (see Family Ct Act §§ 812 [1]; 832; see generally Matter of Robinson v
Robinson, 158 AD3d 1077, 1078 [4th Dept 2018]).
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court