Matter of Beck v Beck (2023 NY Slip Op 01618)

Matter of Beck v Beck

2023 NY Slip Op 01618

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

211 CAF 21-01702

[*1]IN THE MATTER OF SKYE H. BECK, PETITIONER-RESPONDENT,
v
DAVID E. BECK, RESPONDENT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT.

 Appeal from an amended order of the Family Court, Steuben County (Chauncey J. Watches, J.), entered November 12, 2021 in a proceeding pursuant to Family Court Act article 8. The amended order, among other things, directed respondent to stay away from petitioner. 
It is hereby ORDERED that the amended order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Respondent appeals from an amended order of protection issued in a proceeding pursuant to Family Court Act article 8 upon a finding that he committed an unspecified family offense against petitioner, his daughter. At the fact-finding hearing, petitioner testified that respondent made two telephone calls to her that made her upset and sent text messages insulting her and threatening to disown her.
Initially, we note that Family Court failed to set forth its essential findings of fact and also failed to specify the family offense or offenses upon which the amended order of protection was predicated (see Matter of Benson v Smith, 170 AD3d 1640, 1641 [4th Dept 2019]; Matter of White v Byrd-McGuire, 163 AD3d 1413, 1414 [4th Dept 2018]). Remittal is not necessary, however, because the record is sufficient for this Court to conduct an independent review of the evidence (see White, 163 AD3d at 1414; Matter of Telles v DeWind, 140 AD3d 1701, 1701 [4th Dept 2016]). Upon that review, we conclude that the evidence presented at the fact-finding hearing failed to establish by a preponderance of the evidence that respondent committed any of the family offenses alleged in the petition (see Family Ct Act §§ 812 [1]; 832; see generally Matter of Robinson v Robinson, 158 AD3d 1077, 1078 [4th Dept 2018]).
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court