Matter of Davis v Castillo (2024 NY Slip Op 04669)

Matter of Davis v Castillo

2024 NY Slip Op 04669

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

581 CAF 23-00913

[*1]IN THE MATTER OF MARSONA B. DAVIS, PETITIONER-RESPONDENT,
v
ARCIDES DIEGUEZ CASTILLO, RESPONDENT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR RESPONDENT-APPELLANT.
THE LEGAL AID SOCIETY OF ROCHESTER, ROCHESTER (HANNAH M. NEZEZON OF COUNSEL), FOR PETITIONER-RESPONDENT. 
ALISON BATES, VICTOR, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Tanya Conley, R.), entered January 31, 2023, in a proceeding pursuant to Family Court Act article 8. The order, inter alia, directed respondent to stay away from petitioner until January 30, 2025. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 8, respondent appeals from an order of protection issued after a fact-finding hearing and upon a related decision made after the hearing that found that he committed family offenses against petitioner. We affirm.
"A petitioner bears the burden of proving by a preponderance of the evidence that respondent committed a family offense" (Matter of Washington v Davis, 207 AD3d 1078, 1079 [4th Dept 2022], lv denied 39 NY3d 902 [2022] [internal quotation marks omitted]; see Family Ct Act § 832). Here, we agree with respondent that Family Court did not specify the subsections of the criminal statutes upon which it based its findings that respondent had committed the family offenses of harassment in the second degree and disorderly conduct. However, upon exercising our independent review power (see Matter of Tara N. P.-T. v Emma P.-T., 204 AD3d 1414, 1415 [4th Dept 2022]; Matter of Telles v Dewind, 140 AD3d 1701, 1701 [4th Dept 2016]), we conclude, contrary to respondent's contention, that the record is sufficient to establish, by a preponderance of the evidence, that respondent committed the family offenses of harassment in the second degree under Penal Law
§ 240.26 (1) and disorderly conduct under section 240.20 (1) (see Tara N. P.-T., 204 AD3d at 1415; Telles, 140 AD3d at 1701-1702). The determination of whether a family offense was committed is a factual issue to be resolved by the court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed where, as here, it is supported by the record (see Washington, 207 AD3d at 1079).
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court