Matter of Naas v Wurth (2025 NY Slip Op 00546)

Matter of Naas v Wurth

2025 NY Slip Op 00546

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND HANNAH, JJ.

726 CAF 23-01049

[*1]IN THE MATTER OF CINDY A. NAAS, PETITIONER-RESPONDENT,
v
GARY P. WURTH, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.
ANDREW J. DIPASQUALE, ROCHESTER, FOR PETITIONER-RESPONDENT.

 Appeal from an order of the Family Court, Monroe County (Kristin F. Splain, R.), entered March 22, 2023, in a proceeding pursuant to Family Court Act article 8. The order granted petitioner an order of protection against respondent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, respondent appeals from an order of protection issued in favor of petitioner upon a determination that respondent committed the family offenses (see Family Ct Act § 812 [1]) of harassment in the second degree (Penal Law § 240.26) and disorderly conduct (§ 240.20).
In appeal No. 2, respondent appeals from an order of protection issued in favor of petitioner upon a determination that there were aggravating circumstances warranting an order of protection for a period of five years.
In appeal No. 1, respondent contends that Family Court's findings that he committed the family offenses of harassment in the second degree and disorderly conduct are not supported by a sound and substantial basis in the record. At the outset, we note that, although the court found that respondent had committed certain family offenses and sufficiently "state[d] the facts it deem[ed] essential" to its decision (Matter of Tin Tin v Thar Kyi, 92 AD3d 1293, 1293 [4th Dept 2012], lv denied 19 NY3d 802 [2012] [internal quotation marks omitted]; see Matter of Telles v DeWind, 140 AD3d 1701, 1701 [4th Dept 2016]), it did not specify the subsections of the criminal statutes upon which it based its findings that respondent committed the family offenses of harassment in the second degree and disorderly conduct. Nevertheless, exercising our independent review power, we conclude that the proof is sufficient to establish, by a preponderance of the evidence, that respondent committed the family offenses of harassment in the second degree under Penal Law § 240.26 (1) and disorderly conduct under section 240.20 (1) (see Telles, 140 AD3d at 1701; Matter of Lynn TT. v Joseph O., 129 AD3d 1129, 1130 [3d Dept 2015]; see generally Matter of Yaddow v Bianco, 115 AD3d 1338, 1339 [4th Dept 2014]).
We reject respondent's contention that the evidence does not support the finding that he committed the family offense of harassment in the second degree. "A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person . . . [the person] strikes, shoves, kicks or otherwise subjects such other person to physical contact" (Penal Law § 240.26 [1]). Here, the evidence of physical contact was established through petitioner's testimony that respondent grabbed her arm and leg during a struggle inside her car, causing bruising (see People v Aikey, 153 AD3d 1603, 1604 [4th Dept 2017], lv denied 30 NY3d 1058 [2017]). With respect to respondent's intent, "it is well established that '[i]ntent [*2]may be inferred from conduct as well as the surrounding circumstances' " (id., quoting People v Steinberg, 79 NY2d 673, 682 [1992]), and here the evidence establishes that respondent repeatedly confronted petitioner at the marina, despite her refusal to engage; that he followed her to her car; and that he attempted to prevent her from leaving the parking lot by trying to take her keys and by grabbing her arm and leg. Thus, there is a " 'valid line of reasoning and permissible inferences which could lead a rational person' to conclude that [respondent] intended to annoy or harass [petitioner]" when he physically grabbed her in an effort to prevent her from leaving the parking lot (id.; see Matter of Carly W. v Mark V., 225 AD3d 984, 987 [3d Dept 2024]; Matter of Washington v Washington, 158 AD3d 717, 718 [2d Dept 2018], lv denied 32 NY3d 912 [2018]). Further, where, as here, "the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over the other, its determination will not be disturbed unless clearly unsupported by the record" (Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616 [2d Dept 2019]). The court's determination that respondent committed the family offense of harassment in the second degree was based upon its assessment of the credibility of the parties and is supported by the record (see Matter of Townes v Diggs, 216 AD3d 1104, 1105 [2d Dept 2023]).
We likewise reject respondent's contention that the evidence does not support the finding that he committed the family offense of disorderly conduct. Under the Penal Law, a "person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . [the person] engages in fighting or in violent, tumultuous or threatening behavior" (§ 240.20 [1]). Here, the evidence established that respondent ran after petitioner, that he struggled with her for control over her keys, and that, during this struggle, petitioner honked her horn and flashed her high beams. To the extent that respondent relies on the fact that the marina where the incident occurred is private property, the Family Court Act explicitly provides that " 'disorderly conduct' includes disorderly conduct not in a public place" for purposes of Family Court Act article 8 (Family Ct Act § 812 [1]). In any event, the incident attracted the attention of at least two other people present at the marina, and respondent concedes that there was testimony that it was "common practice for people to sleep on their boats at the marina." Under these circumstances, the finding that respondent committed disorderly conduct by recklessly creating a risk of public inconvenience, annoyance, or alarm by engaging in "fighting or in violent, tumultuous or threatening behavior" (Penal Law § 240.20 [1]) is supported by the record (see Telles, 140 AD3d at 1701-1702; Matter of McLaughlin v McLaughlin, 104 AD3d 1315, 1315-1316 [4th Dept 2013]; see also Matter of Dietzman v Dietzman, 112 AD3d 1370, 1370 [4th Dept 2013]).
Contrary to respondent's contention in appeal No. 2, the court did not err in finding aggravating circumstances warranting the imposition of a five-year order of protection based upon respondent's repeated violations of a prior order of protection (see Family Ct Act §§ 827 [a] [vii]; 842; see generally Matter of White v Byrd-McGuire, 163 AD3d 1413, 1414 [4th Dept 2018]).
Respondent's remaining contention is a challenge to the issuance of a temporary order of protection prior to the hearing on the petitions. Inasmuch as the temporary order of protection has expired by its own terms and the court has now issued permanent orders of protection based on its findings of family offenses and aggravating circumstances, that contention is moot (see Matter of Ellie Jo L.H. [Debra A.M.] [appeal No. 3], 158 AD3d 1232, 1232 [4th Dept 2018]; see generally Matter of Senator NN., 305 AD2d 819, 820 [3d Dept 2003]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court