Matter of Lord v Whitney (2025 NY Slip Op 00587)

Matter of Lord v Whitney

2025 NY Slip Op 00587

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, DELCONTE, AND HANNAH, JJ.

914 CAF 23-01992

[*1]IN THE MATTER OF KEVIN A. LORD, PETITIONER-RESPONDENT,
v
MELISSA M. WHITNEY, RESPONDENT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR RESPONDENT-APPELLANT.
MAUREEN A. PINEAU, ROCHESTER, FOR PETITIONER-RESPONDENT.

 Appeal from an order of the Family Court, Monroe County (Kristin F. Splain, R.), entered October 27, 2023, in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 8, respondent appeals from an order of protection issued after a fact-finding hearing and upon a related decision made after the hearing that found that she committed family offenses against petitioner. We affirm.
Initially, we note that Family Court did not specify each of the subsections of the criminal statutes upon which it based its findings. However, upon exercising our independent review power (see Matter of Tara N. P.-T. v Emma P.-T., 204 AD3d 1414, 1415 [4th Dept 2022]; Matter of Telles v DeWind, 140 AD3d 1701, 1701 [4th Dept 2016]), we conclude, contrary to respondent's contention, that the record is sufficient to establish, by a preponderance of the evidence, that respondent committed the family offenses of harassment in the second degree (see Penal Law § 240.26 [3]; see generally Matter of Carney v Carney, 231 AD3d 1535, 1535-1536 [4th Dept 2024]), disorderly conduct (see § 240.20 [2], [3]; Tara N. P.-T., 204 AD3d at 1415; Telles, 140 AD3d at 1701-1702), criminal mischief in the fourth degree (see § 145.00 [1]; Matter of Romena Q. v Edwin Q., 140 AD3d 1232, 1232-1233 [3d Dept 2016]; see generally Matter of Scroger v Scroger, 68 AD3d 1777, 1777 [4th Dept 2009], lv denied 14 NY3d 705 [2010]), and attempted assault in the third degree (see §§ 110.00, 120.00 [1]; see generally Matter of Harrington v Harrington, 63 AD3d 1618, 1619 [4th Dept 2009], lv denied 13 NY3d 705 [2009]). We have reviewed respondent's remaining contention and conclude that it is without merit.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court