Matter of Lara L.M. v Trina L.C. (2025 NY Slip Op 05619)

Matter of Lara L.M. v Trina L.C.

2025 NY Slip Op 05619

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, NOWAK, DELCONTE, AND KEANE, JJ.

747 CAF 24-01632

[*1]IN THE MATTER OF LARA L.M., PETITIONER-RESPONDENT,
v
TRINA L.C., RESPONDENT-APPELLANT. 

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
DONNA M. CATHY, WATERLOO, FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Family Court, Wayne County (Daniel G. Barrett, J.), dated September 6, 2024, in a proceeding pursuant to Family Court Act article 8. The order granted petitioner an order of protection against respondent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 8, respondent appeals from an order of protection issued after a fact-finding hearing and upon a related decision made after the hearing that found that she committed a family offense against petitioner. We affirm.
Initially, we note that, while the order on appeal has expired, the appeal is not moot "because the order still imposes significant enduring consequences upon respondent, who may receive relief from those consequences upon a favorable appellate decision" (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]; see Matter of Shephard v Ray, 137 AD3d 1715, 1716 [4th Dept 2016]).
With respect to the merits, "[a] petitioner bears the burden of proving by a preponderance of the evidence that respondent committed a family offense" (Matter of Washington v Davis, 207 AD3d 1078, 1079 [4th Dept 2022], lv denied 39 NY3d 902 [2022] [internal quotation marks omitted]; see Family Ct Act § 832). Here, we agree with respondent that Family Court did not specify the criminal statute upon which it based its finding that respondent had committed a family offense. However, upon exercising our independent review power (see Matter of Tara N. P.-T. v Emma P.-T., 204 AD3d 1414, 1415 [4th Dept 2022]; Matter of Telles v DeWind, 140 AD3d 1701, 1701 [4th Dept 2016]), we conclude, contrary to respondent's contention, that the record is sufficient to establish, by a preponderance of the evidence, that respondent committed the family offense of harassment in the second degree under Penal Law § 240.26 (1) (see Tara N. P.-T., 204 AD3d at 1415; Telles, 140 AD3d at 1702). The determination of whether a family offense was committed is a factual issue to be resolved by the court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed where, as here, it is supported by the record (see Washington, 207 AD3d at 1079).
We have considered respondent's remaining contention and conclude that it does not warrant reversal or modification of the order.
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court